V. B. BOWERS v. EAST TENNESSEE AND WESTERN NORTH
CAROLINA RAILROAD COMPANY.

(Filed 27 May, 1907).

Negligence—Damages—Proximate Cause.—Proximate cause "is an
essential ingredient of actionable negligence, as a cause that pro-
duced the result in continuous sequence and without which it
would not have occurred, and one from which any man of ordi-
nary prudence could have foreseen that such a result was proba-
ble under all the facts as they existed." The defendant com-
pany is not responsible in damages, as the proximate cause of
the injury, in permitting large stacks of lumber and quantities
of tan bark to be placed by its patrons, for shipment, on its
right-of-way and partly in the adjacent street, by means of
which a fire, originating in a building off its right-of-way and
owned and controlled by another person, was indirectly com-
municated to plaintiff's building and destroyed it.

ACTION to recover damages for the alleged negligent burn-
ing of plaintiff's hotel building at Elk Park, tried before
*Moore, J.*, and a jury, at May Term, 1906, of the Superior
Court of MITCHELL County. From a judgment of nonsuit
plaintiff appealed.

*Avery & Avery, L. D. Lowe* and *T. A. Love* for plaintiff.
*S. J. Ervin* for defendant.

BROWN, J.    All the evidence tends to prove that the plain-
tiff was the owner of a hotel building located to the south of
defendant's track, which was destroyed by fire on the night
of 23 December, 1903.    The fire originated in the Manning
& Ellis building, some distance from the hotel, and on the
north side of the track, and burned that building and several
others on the same side of the track before reaching the lat-
ter, and there spread to and burned piles of lumber on and
along the defendant's right-of-way and then spread from the
lumber to the hotel and destroyed it.    There is a public
street in the town of Elk Park which crosses the railroad

track between the Manning & Ellis building and the hotel. The former building was situated some little distance to the east of said street and the hotel to the west of it, as we gather from the map filed with the record. A fraternal society— the Odd Fellows—had a supper in the Manning & Ellis building, where the fire originated, on the night on which the fire occurred, but the origin of the fire was unknown, whether accidental or by design; but it was conceded that the defendant was not responsible for the fire, and no testimony was offered tending to show that it was. The plaintiff contends (1) that the defendant negligently suffered large stacks of lumber and quantities of tan bark to be placed by its patrons for shipment on its right-of-way and partly in the adjacent street, and suffered the same to accumulate; that the fire was communicated to such material and thence to his hotel; (2) that such alleged negligence was the proximate cause of his injury.

It is not necessary that we discuss or determine whether or not it is negligence on the part of a common carrier operating a railroad and engaged in transporting lumber to market to allow or permit its patrons engaged in shipping lumber to deposit such lumber on its right-of-way and near its track, with a view to loading such lumber upon its cars. Assuming, for the sake of the argument only, that such acts constitute negligence, then the question arises, Is this negligence the proximate cause of the destruction of the plaintiff's hotel, the fire having originated in a remote building without fault on the part of the defendant, either by accident or by the design or negligence of third persons, and having spread thence to several other buildings, one after the other, and thence carried to the lumber and from the lumber to the hotel?

We do not think that, under the well-established principles of law, the defendant can be held proximately responsible to the plaintiff for the unfortunate consequences of such a con-

flagration. That the burning of the lumber caused the destruction of the hotel and was the remote cause of plaintiff's injury does not subject the defendant to liability. The maxim of the law is *in jure non remota causa sed proxima spectatur,* of which *Lord Bacon* says: "It were infinite for the law to consider the causes of causes, and their impulsions one of another; therefore, it contenteth itself with the immediate cause, and judgeth of acts by that without looking to any further degree." Maxims Reg., 1, quoted in Broom's Maxims, 216. No exact rule for determining when causes are proximate and when remote has yet been formulated. But the general principles which govern the determination of the question appear to be quite well settled. In *Ramsbottom v. Railroad,* 138 N. C., 41, an oft-quoted case, *Mr. Justice Hoke* defines the proximate cause, which is an essential ingredient of actionable negligence, as "a cause that produces the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed." See, also, *Raiford v. Railroad,* 130 N. C., 597; *Pittsburg v. Taylor,* 104 Pa., 306. In *Brewster v. Elizabeth City,* 137 N. C., 395, it is said: "The first requisite of proximate cause is the doing or omitting to do an act which a person of ordinary prudence could foresee might naturally and probably produce the injury complained of, and the second requisite is that such an act or omission did actually cause the injury." In *Schwartz v. Shull,* 45 W. Va., 405, it is said that the proximate cause of an injury is the last negligent act contributing thereto and without which the injury would not have resulted. The Am. and Eng. Enc. describes it as a cause which operates to produce particular consequences without the intervention of any independent unforeseen cause without which the injuries would not have occurred. Vol. 21, p. 485. And again, it

says that it is not a proximate cause of the injury when the negligence of the person who actually inflicted it is a more immediate and efficient cause. Vol. 7, p. 384. See, also, *Railway v. Kellogg,* 94 U. S., 475.

It seems from the authorities that there are two very essential elements in the doctrine of proximate cause: (1) It must appear that the injury was the natural or probable consequence of the negligent or wrongful act; (2) that it ought to have been foreseen in the light of attending circumstances. Applying these general principles to the facts of this case, we have no difficulty in approving the ruling of the Court below. It is plain that the original first cause of the destruction of the hotel was the burning of the Manning & Ellis building, but for which the plaintiff's property would not have been destroyed. Whether done accidentally, negligently or wantonly, it is conceded the defendant is not responsible for it. The wind carried the fire in the direction both of the track and of the hotel, which caused the destruction of several other houses before it reached the track. The burning of the intervening houses was as much the cause of the destruction of the hotel as was the burning of the lumber. Neither was the immediate and efficient cause. Nor can the rule of "contemplated consequences" be extended to a case like this.

The language of the Supreme Court of Pennsylvania in *Morrison v. Davis,* 20 Pa., 171, is peculiarly applicable to the facts of this case. "In any other than a carrier's case," says the Court, "this question would present no difficulty. The general rule is that a man is answerable for the consequences of a fault only so far as the same are natural and proximate and as may on this account be foreseen by ordinary forecast, and not those which arise from a conjunction of his fault with other circumstances of an extraordinary nature." Again: "Now, there is nothing in the policy of the law relating to common carriers that calls for any different rule as

to consequential damages to be applied to them. They are answerable for the ordinary and proximate consequences of their negligence and not for those that are remote and extraordinary." See, also, *Extinguisher Co. v. Railroad,* 137 N. C., 278; Cooley on Torts, 68, 69, 70, 71; *Whitson v. Wrenn,* 134 N. C., 86; *Williams v. Railroad,* 119 N. C., 746.

The defendant's officers and agents must have been endowed with more than ordinary human prescience could they have foreseen such extraordinary results as naturally and probably flowing from the piling of lumber and the storing of tan bark on the right-of-way. The class of cases wherein railroad companies have been held responsible for fires originating on their rights-of-way have no application here.

In the case of *Moore v. Railroad,* 124 N. C., 338, which in some of its features is very similar to this, there was evidence tending to show a foul right-of-way, that the fire originated on the right-of-way from defendant's engine, and also evidence that it originated off of the right-of-way and, setting fire to the foul matter on it, burned plaintiff's property. After discussing the circumstances under which the defendant would not be liable in case of fire, this Court said, in reference to the contention that the fire had originated off the right-of-way: "Or, if the fire originated outside the right-of-way from some other cause and communicated itself to the right-of-way and then to the plaintiff's premises, the defendant would not be chargeable with negligence." This case is cited with approval in *Williams v. Railroad,* 140 N. C., 625, and *Insurance Co. v. Railroad,* 132 N. C., 78.

Upon a review of the record, we find his Honor committed no error in allowing the motion to nonsuit, and his judgment is

Affirmed.

HOKE, J., did not sit.