HALL v. RINEHART & DENNIS COMPANY, Inc.

(Filed 8 December, 1926.)

**Negligence—Torts—Proximate Cause.**

> Where the defendant in the exercise of ordinary care, should reasonably have anticipated that its negligent act would proximately cause an injury, it is not required to make it liable for the consequences of the act, that the particular injury in suit should have been anticipated, if it was the proximate cause and naturally resulted therefrom in continuous sequence.

CIVIL ACTION, before Schenck, J., at August Term, 1926, of GASTON.

The plaintiff was seriously and permanently injured while in the employment of the defendant, resulting from a blow on the head by a

rock thrown from blasting operations in the Catawba River. The plaintiff was seated in a mess hall operated by the defendant, eating supper. The defendant set off a heavy blast in the river bed from four to six hundred feet from the mess hall, and a rock from said blast fell upon the roof of the mess hall, crashing through and striking plaintiff on the head, and inflicting the injuries complained of.

There was judgment for the plaintiff, and the defendant appealed.

This case was considered by the Court in a former appeal reported in 191 N. C., p. 685.

*A. E. Woltz, George W. Wilson, Bramhall & McCabe, C. A. Thompson, John M. Robinson for plaintiff.*
*Clyde R. Hoey, Mason & Mason, T. C. Guthrie for defendant.*

PER CURIAM. Plaintiff's chief assignment of error urged in the oral argument and discussed in the brief, is to the following charge of the trial judge: "The court charges you as a matter of law that in order that a party may be liable for negligence, it is not necessary that he could have contemplated, or even been able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff. It is sufficient if by the exercise of reasonable care the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected."

This part of the charge is taken from *Drum v. Miller,* 135 N. C., 215. The defendant contends that the correct rule should be whether or not a reasonably prudent man in a similar situation to that of the defendant, could, under all the facts and circumstances, reasonably have foreseen that some person who was in a similar or analogous situation to that of plaintiff at the time of setting off the blast, would probably be injured thereby; or, in other words, that a reasonably prudent man, under the circumstances, could have foreseen the particular injury complained of. But the rule as stated in *Drum v. Miller* has been approved many times by this Court, as will appear by an examination of Shepard's Annotations.

In *Hudson v. R. R.,* 142 N. C., 203, *Justice Hoke* says: "The doctrine is that consequences which follow in unbroken sequence without an intervening efficient cause from the original wrong are natural, and for such consequences the original wrongdoer must be held responsible, even though he could not have foreseen the particular result, provided that in the exercise of ordinary care he might have foreseen that some injury would likely follow from his negligence." (Citing *Drum v. Miller, supra.*)

In *Hudson v. R. R.,* 176 N. C., 492, *Allen, J.,* says: "In support of the first two positions the defendant relies on the definition of proximate cause, in *Ramsbottom v. R. R.,* 138 N. C., 41, approved in *Bowers v. R. R.,* 144 N. C., 686, and in *Chancey v. R. R.,* 174 N. C., 351, as "A cause that produces the result in continuous sequence, and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed," to which we adhere, with the modification contained in *Drum v. Miller,* 135 N. C., 204, and many other cases, that it is not required that the particular injury should be foreseen, and is sufficient if it could be reasonably anticipated that injury or harm might follow the wrongful act."

An examination of the cases in which *Drum v. Miller* has been cited and approved, will disclose that the principle has never been questioned nor modified, and is therefore the law of the State.

There are other exceptions in the record, but they present no reversible error, and the judgment is affirmed.

No error.