JONAH COLLINS, Administrator of John Thomas Collins, v. HYDE COUNTY LAND AND LUMBER COMPANY.

(Filed 22 February, 1928.)

**1. Trial—Nonsuit—Nonsuit Should Not Be Granted on Conflicting Evidence.**

Conflicting evidence on the issues takes the case to the jury and overrules defendant's motion as of nonsuit.

**2. Negligence — Acts or Omissions Constituting Negligence — Particular Injury Need Not Be Foreseen.**

It is not necessary that the particular injury should have been foreseen to recover damages for a negligent killing of plaintiff's intestate.

Appeal by defendant from *Midyette, J.,* at November Term, 1927, of Pasquotank. No error.

*Ehringhaus & Small for plaintiff.*
*S. S. Mann and McMullan & LeRoy for defendant.*

Per Curiam. This is an action to recover damages for negligently causing the death of the plaintiff's intestate. The defendant is engaged in the lumber business and maintains a railroad, logging road, cars, a skidding machine and other machinery used in cutting, skidding, loading, transporting, and unloading logs. On 1 August, 1923, the plaintiff's intestate as an employee of the defendant was engaged in the operation of a skidder hoisting engine. There is evidence tending to show that he was one of the skidder crew, which was in charge of Herbert Brewer, the defendant's foreman, and that Brewer directed the operation of the machine. For the purpose of bringing some cars from the main line into the siding leading to the skidder, the crew, under the direction of the foreman, ran a line or wire rope from the skidder to the cars, and in some way the rope "caught a piece of wood and whirled it so that it struck the plaintiff's intestate" and threw him on the siding under the moving cars. He died from the injury thus inflicted. The usual issues were submitted to the jury and answered in favor of the plaintiff, and from the judgment awarded thereon the defendant appealed, assigning error.

54—195

The first three assignments are addressed to the court's refusal to dismiss the action as in case of nonsuit and peremptorily to instruct the jury to answer the issue as to negligence in the negative and the issue as to contributory negligence in the affirmative. There is evidence of negligence on the part both of the intestate and of the defendant, and therefore in the denial of the motion and of the prayers for instructions there was no error. The remaining assignments are based on exceptions to instructions given the jury, but a careful examination of these instructions reveals no reversible error. A review of the authorities is unnecessary. The instruction that to constitute negligence it is not required that the employer foresee the injury which actually occurs is supported by a number of decisions extending from *Drum v. Miller,* 135 N. C., 204, to *Hall v. Rinehart,* 192 N. C., 706. We find

No error.