MINNIE D. GANT v. MASON W. GANT.

(Filed 8 May, 1929.)

**Negligence A d—In this case held: injury from act could not be foreseen and nonsuit was proper.**

Evidence tending to show that the defendant while endeavoring to get his family automobile from the garage on ground covered with ice and snow, had planks placed under the wheels of the machine which were thrown, by the spinning of the wheels, against the plaintiff, his wife, as she stood watching him about fifteen feet from the rear of the car, causing her serious injury: *Held,* injury from the act could not have been foreseen by the defendant as an ordinarily prudent man, but would have required omniscience, and the defendant is not liable in damages, and a judgment as of nonsuit should have been granted on his motion.

CLARKSON, J., dissenting.

GANT *v.* GANT.

CIVIL ACTION, before *Clement, J.,* at February Term, 1929, of GUILFORD.

Plaintiff and defendant are husband and wife, and were at the time of the injury complained of and are now living together in the city of Greensboro.

The evidence tended to show that the defendant owned a Chrysler automobile for the use of himself and family, and that said automobile was placed in a garage at night at the home of plaintiff and defendant. On the morning of 10 January, 1927, a heavy snow was upon the ground. Plaintiff went to the garage and attempted to get the automobile out to the street in order to take the children to school. She was unable to do so, and thereupon the defendant got into the car and attempted to get it out to the street.

Plaintiff's narrative of the occurrence is as follows: "The snow was deep. He tried to back it out and couldn't back it, and he kept running the motor until the car just kept starting and slipping until it turned around, and then he tried to pull it out and the wheels kept sliding. I was out in the yard seeing how it was going to be done. Our cook was out there and she placed a little plank under one wheel. That seemed to help some. Then he told her to get some long planks and put under the wheels, and when she did the car ran over those two long pieces. . . . And when the wheels ran over those planks, instead of going right on off, they spun to the left and the left rear wheel threw the plank back and struck me on the right leg. . . . The plank that struck my right leg was at least four feet long and about seven or eight inches in width and possibly an inch or three-quarters of an inch thick. . . . The car was on the driveway at the time the boards were placed under it. I was standing, I suppose, from the car, ten or fifteen feet. . . . The motor of the automobile was running, and when it ran off the plank it began spinning, and when it struck the snow it consequently threw the plank. The motor of the car was running, it seemed, with all force from the sound of it. I was standing to the left rear of the car."

The plaintiff sustained painful and permanent injury.

The defendant offered no evidence, and the foregoing evidence of the plaintiff is substantially all of the evidence in the case except the testimony of physicians as to the extent of the injury sustained.

Issues of negligence, contributory negligence, and damages were submitted to the jury and answered in favor of plaintiff. The verdict awarded damages in the sum of $2,030.00 The defendant duly lodged motions of nonsuit, and also requested the court to give certain instructions to the jury.

From judgment upon the verdict the defendant appealed.

*Shuping & Hampton for plaintiff.*
*Brooks, Parker, Smith & Wharton for defendant.*

BROGDEN, J. The facts are brief and simple. The ground was covered with a heavy snow, and therefore soft and slick. The defendant was not endeavoring to operate the automobile under dangerous conditions, but merely to get his own automobile out of a garage on his own premises. It was suggested upon the oral argument that the defendant should have placed chains upon the automobile before attempting to get it out of the garage, or to have given notice to his wife, the plaintiff, that the wheels were likely to spin. It was also suggested that the defendant was racing the motor. It does not appear that racing the motor caused the wheels to spin. Ostensibly the spinning resulted from contact with a soft, slick surface. These suggestions all lie in the field of speculation. Under the circumstances disclosed by the record the liability of defendant depended upon whether, by the exercise of ordinary care and prudence, he could have reasonably foreseen that some injury would result from attempting to get the automobile out of the garage. The principle of law is thus expressed in *Fore v. Geary,* 191 N. C., 90, 131 S. E., 387: "No man, by the exercise of reasonable care, however high and rigid the standard of such care, upon the facts in any particular case, can foresee or forestall the inevitable accidents, and contingencies which happen and occur daily, some bringing sorrow and loss, and some bringing joy and profit, all however contributing, in part, to make up the sum total of human life. The law holds men liable only for the consequences of their acts, which they can and should foresee and by reasonable care and prudence, provide for."

The plaintiff testified that the first plank used by the defendant "seemed to help some." Thereupon the defendant directed a servant to place two longer planks between the front and rear wheels. The automobile moved over these planks and as it rolled off upon the slick surface the wheel suddenly began to spin, thus kicking one of the planks backward and inflicting the unfortunate injury upon the plaintiff.

In our opinion the evidence does not disclose any negligence upon the part of the defendant. Under the circumstances of the case to require the defendant to foresee that the plank would be kicked backward and injure his wife would practically stretch foresight into omniscience. The law does not require omniscience. The motion for nonsuit should have been allowed.

Error.

CLARKSON, J., dissenting: The following rule in *Hall v. Rinehart,* 192 N. C., at p. 708, has often been approved by this Court: "In *Hud-*

*son v. R. R.,* 176 N. C., 492, *Allen, J.,* says: 'In support of the first two propositions the defendant relies on the definition of proximate cause, in *Ramsbottom v. R. R.,* 138 N. C., 41, approved in *Bowers v. R. R.,* 144 N. C., 686, and in *Chancey v. R. R.,* 174 N. C., 351, as "A cause that produces the result in continuous sequence, and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed," to which we adhere, with the modification contained in *Drum v. Miller,* 135 N. C., 204, and many other cases, that it is not required that the particular injury should be foreseen, and is sufficient if it could be reasonably anticipated that injury or harm might follow the wrongful act.' "

Defendant undertook to get his automobile out of the garage. He got it out in the snow. Plaintiff was in the yard, seeing how it was going to be done. Snow was on the ground 10 or 12 inches deep and the wheels would not catch, but kept spinning. It is a matter of common knowledge that frequently in snow or soft dirt the wheels of an automobile without chains do not move forward but spin, and when the power is put on the wheels when spinning throw dirt and debris in the air and in the rear of the car. This was known to defendant, or in the use of due or ordinary care ought to have been known. Defendant, to try to get the rear wheels to catch on something and stop the spinning, put two boards in front of the two rear wheels. Frequently chains and brush are used. After putting the boards or plank on the slick ground for the wheels to catch on, defendant put on "all power," the rear wheels caught on the planks, one about 4 feet long, 8 inches wide and 3/4-inch thick, was thrown backward on plaintiff. When the rear wheel ran over the plank, the plaintiff was some 10 or 15 feet distant, standing to the left side of the car, the plank struck her on the right leg and breaking it about 8 or 9 inches up. Anybody who has been in such a plight and had experience in running an automobile could reasonably anticipate that wrong and harm might follow if any one was in the rear or near the rear from such a situation and when the driver of the automobile put on "all power," as the evidence disclosed in the present case. When the "all power" was put on by the driver of the car he gave no warning to the plaintiff standing at the left side of the car in the rear.

The questions of negligence and contributory negligence were questions of due care or the care that a prudent man would exercise under all the circumstances, and this is for the jury to determine. The judge below left it to the jury, they decided that the defendant was negligent and the plaintiff was not guilty of contributory negligence. No doubt the jury had experience in such matters and I think it was for them to decide and not the court.

Negligence has been defined in numerous ways:. The omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do. It must be determined in all cases by reference to the situation and knowledge of the parties and all the attendant circumstances. It is conceded by all the authorities that the standard by which to determine whether a person has been guilty of negligence is the conduct of the prudent or careful or diligent man.