N. W. CRANFIELD v. CITY OF WINSTON-SALEM.

(Filed 29 April, 1931.)

**Municipal Corporations E c—Evidence as to approved guards for ditch in street and ordinance in regard thereto held irrelevant.**

Where in an action against a city the evidence tends to show that roping used by the city to guard a ditch in the street was caught in a city truck being used to deliver wood to the poor of the city as a charitable measure, and that the truck threw the rope against the plaintiff causing the injury in suit: *Held*, the evidence discloses that the injury resulting from an unforeseen accident unrelated to the proper guarding of the ditch, and evidence as to the usual method of guarding ditches and the means approved and in general use, and an ordinance of the city in respect thereto, is irrelevant, and the refusal of the court to admit such evidence is not error.

CIVIL ACTION, before *Cowper, Special Judge,* at April Term, 1930, of FORSYTH.

Plaintiff alleged and offered evidence tending to show that on or about 10 May, 1928, the city of Winston-Salem, in order to install a water main dug a ditch on the west side of Lexington Road. On the east side of the ditch the employees of the city erected a rope barricade. The rope was small and was stretched from one stake to another, the stakes being approximately three feet high and fifteen or twenty feet apart. The dirt from the ditch was thrown out on the opposite side from the rope barricade. The plaintiff testified that while he was walking on the right-hand side of the road next to the rope barricade and approaching Renegar's store, "there was a truck that had pulled up between Renegar's store and another store there, . . . and the

truck backed out from between those two stores right in front of me, crossways of the road. . . . That truck backed there and caught that rope and the colored man who was driving the truck, shifted his gears right quick and started forward, jerked up the stakes and jerked that rope right up under my arm and threw me sideways toward Mr. Renegar's store, and I hit the front bumper of Mr. Kearn's car, and it broke my leg to pieces. . . . The truck started up mighty fast. The rope had gotten hooked to the back of the truck." There was other evidence tending to show that the rope was about ten inches from the edge of the ditch.

The evidence further tended to show that the truck that caught the rope belonged to the city and was usually used for hauling garbage. The evidence further tended to show that at the time of the injury the truck was engaged in delivering a load of wood that the city of Winston-Salem had donated to a woman who was without fuel.

At the conclusion of the evidence judgment of nonsuit was entered and the plaintiff appealed.

*J. M. Wells, Jr., and Archie Elledge for plaintiff.*
*Parrish & Deal for defendant.*

BROGDEN, J. During the trial plaintiff asked leave of the court to amend the complaint in order to set up section 109 of the ordinances of the city, and that the city negligently failed to comply with said ordinances, and that such negligence was the proximate cause of his injury. The plaintiff offered in evidence section 109 of the ordinance of defendant city, which is as follows: "It shall be unlawful for any person to make any excavation or do any work which may create or cause a dangerous condition in or on or near any street, alley, sidewalk or public place of the city without placing and maintaining proper guard rails and signal lights, or other warnings, at, in or around the same sufficient to warn the public of such excavation or work, and to protect all persons using reasonable care from injuries on account of same."

The court refused to permit the amendment upon the ground that "said ordinance has no application to this case."

The plaintiff also offered the testimony of expert witnesses tending to show that approved barricades and such as were in general use in excavation work were constructed by the use of a buck and a plank, said bucks being placed from twelve to sixteen feet apart. Plaintiff also attempted to offer evidence as to the customary methods of barricading ditches upon streets during excavation. All of this evidence was excluded by the trial judge, and the defendant assigns the ruling of the court as error.

The ordinance, upon its face, was designed "to warn the public of such excavation or work and to protect all persons using reasonable care from injuries on account of same"; and as the plaintiff was not injured by reason of the excavation, it is apparent that the ruling excluding the ordinance from the evidence was correct. In other words, if the plaintiff had fallen into the ditch or had been injured by reason of the excavation, perhaps the ordinance would have been pertinent. Moreover, "general statutes do not bind the sovereign unless specifically mentioned in them." *O'Berry v. Mecklenburg County,* 198 N. C., 357; *Guilford County v. Georgia Co.,* 112 N. C., 34.

Indeed, the evidence discloses that the injury was solely attributable to the fact that a garbage truck in some unaccountable way became engaged with the rope barrier, jerking it from its position and injuring plaintiff. Foreseeability of injury is still an element of proximate cause. This idea was compactly expressed by *Connor, J.,* in *Fore v. Geary,* 191 N. C., 90, as follows: "No man, by the exercise of reasonable care, however high and rigid the standard of such care, upon the facts in any particular case, can foresee or forestall the inevitable accidents, and contingencies which happen and occur daily, some bringing sorrow and loss, and some bringing joy and profit, all however contributing, in part, to make up the sum total of acts, which they can and should foresee and by reasonable care and prudence, provide for." *Gant v. Gant,* 197 N. C., 164. The same reasoning which excludes the application of the ordinance also excludes the evidence as to proper construction of barricades or usage and custom relating thereto, because the plaintiff was not injured by the barricade alone, but by reason of the independent agency of the garbage truck.

There is allegation in the complaint to the effect that the garbage truck was negligently operated, but the question of legal liability of a city for the negligent operation of a garbage truck engaged in the charitable enterprise of hauling wood to a poor person, is not discussed in the brief of appellant. See *Scales v. Winston-Salem,* 189 N. C., 469; *Wood v. Boone County,* 133 N. W., 377; Ann. Cas., 193 (D), 1070; *Johnston v. City of Chicago,* 101 N. W., 960; *Gaetjens v. City of N. Y.,* 116 N. Y. S., 759; *Scibilia v. Philadelphia,* 124 Atlantic, 273; 32 A. L. R., 981; *Cowans v. North Carolina Baptist Hospitals,* 197 N. C., 41.

Affirmed.