ROVY L. BENTON v. FAREST JOHNSON.

(Filed 17 March, 1948.)

**1. Negligence §§ 9, 19e—Evidence held to disclose that injury was not
foreseeable, and nonsuit was proper.**

The evidence tended to show that plaintiff placed a stick of wood under
the rear wheel of defendant's backing truck in order to scotch the truck in
compliance with request of the driver, that the wheel passed over the
wood, and that as plaintiff placed his hand under the wood to retrieve it
and replace it to the rear of the wheel, the wheel spun forward and
engaged the wood which crushed plaintiff's hand. *Held:* Defendant's mo-
tion to nonsuit was properly allowed on the ground that the resulting
injury, or any injury of similar nature, could not have been reasonably
foreseen, since the driver could not have anticipated plaintiff would under-
take the difficult and dangerous operation of retrieving the wood.

**2. Negligence §§ 10, 19e—Doctrine of last clear chance does not apply
unless peril could have been discovered in time to avoid injury.**

The evidence tended to show that defendant's truck driver was backing
the truck down a slight incline, that the driver was looking to the rear
of the truck and that plaintiff, standing on the driver's side of the truck,
placed a stick of wood under the rear wheel to scotch the truck, that the
wheel passed over the wood, and as plaintiff placed his hand under the
wood to retrieve it and replace it to the rear of the wheel, the wheel spun
forward and engaged the wood which crushed plaintiff's hand. *Held:*
Even conceding that the driver could or should have seen plaintiff's peril
the evidence fails to show that he could or should have done so in time
to have avoided the injury.

**3. Negligence §§ 11, 19c—Evidence held to disclose contributory negli-
gence in voluntarily selecting dangerous method of performing service.**

Defendant's driver, accompanied by a helper, was delivering a load of
coal to plaintiff, and had to back the truck down a slight incline to unload
the coal at the place designated by plaintiff. The evidence tended to show
that the driver gave the order to scotch the truck, that his helper began
putting stones to the rear of the wheel, that plaintiff then placed a stick
of wood under the rear of the wheel on the other side, and that after
the wheel had passed over the wood, plaintiff sought to retrieve it and
replace it to the rear of the wheel when the wheel spun forward and
engaged the wood which crushed plaintiff's hand. *Held:* Even conceding
plaintiff was not a mere volunteer, he was not under duty to undertake
the service or to pursue it in such dangerous manner, and plaintiff's own
contributory negligence was at least a proximate cause of his injury.

BENTON *v.* JOHNSON.

PLAINTIFF's appeal from *Clement, J.,* November Term, 1947, YADKIN Superior Court.

*Avalon E. Hall for plaintiff, appellant.*
*Allen & Henderson for defendant, appellee.*

SEAWELL, J.   The plaintiff sued to recover for a personal injury, the loss of a finger with incident pain and suffering, and surgical and medical bills, and in support of his claim introduced evidence substantially as follows:

The truck in charge of the defendant's employee and driver was in the act of delivering a load of coal to the plaintiff at the latter's tobacco barn and plaintiff directed the driver where to put the coal—in a pen which plaintiff had made for that purpose out of firewood.  The driver was at the time accompanied by a helper, one Junior Wilkins.  It was necessary to back the truck down a slight incline to get the rear end in position to unload the coal.

At this time the driver was on the left side of the truck, looking toward the rear; the plaintiff was on that side near the rear of the truck. While the truck was being backed down grade the driver "hollered," "Scotch the truck!"  Immediately the helper began to gather some small rocks for that purpose.  But the plaintiff, thinking that the rocks were too small, got a piece of firewood and threw it behind the rear wheels. Instead of stopping the truck the rear wheels rolled over the stick of wood.  Plaintiff then sought to retrieve the stick of wood from in front of the wheels so as to replace it behind them.  The wheels "spun" in a forward motion, engaging the stick of wood under which plaintiff had put his hand, and crushing one finger so that amputation was necessary.

The evidence is somewhat conflicting as to whether the wheels were "spinning" in a forward motion when plaintiff reached for the stick of wood or whether they began the forward motion at about the same time, or an instant later.  The evidence does not exactly disclose whether the driver was looking at plaintiff just then; but the latter testifies that he was on the driver's side of the car and could have been seen; and that the driver had been looking in that direction.  There is no evidence as to whom the request of "scotch the truck" was made.

There was further evidence on the question of damages.

At the conclusion of plaintiff's evidence the defendant demurred and moved for judgment as of nonsuit.  The motion was allowed.  The plaintiff excepted, and from the ensuing judgment he appealed.

The propriety of the judgment of nonsuit is the only question presented on this appeal.  We are unable to find anything in the evidence justifying a reversal.

The defendant points out that a very similar factual situation was presented in *Gant v. Gant,* 197 N. C., 164, 148 S. E., 34, an action brought by the wife against her husband. The defendant in that case was trying to move his automobile in the snow, and the wheels began to spin. The defendant asked his wife to get some long planks to put under the wheels. The car ran over the planks, the wheels spun, kicking a plank back against the plaintiff, injuring her. In sustaining the judgment of nonsuit in that case the Court, in an incisive opinion by *Justice Brogden,* observed:

> "Under the circumstances to require the defendant to foresee that the plank would be kicked backward and injure his wife would practically stretch foresight into omniscience. The law does not require omniscience."

We think that upon the whole evidence of the case the driver of the truck could scarcely be held to have foreseen the particular injury, or any injury of a similar nature, as a probable consequence of his act in attempting to move the truck forward.

It would be true that if the driver had actually seen the plaintiff in a dangerous situation and could have avoided the injury by the exercise of reasonable prudence, liability would have ensued regardless of the fact that there is no evidence or inference that the plaintiff had been called upon to do this service, but was a mere volunteer. *Morris v. Transportation Co.,* 208 N. C., 807, 182 S. E., 487; *Haynes v. R. R.,* 182 N. C., 679, 110 S. E., 56; *Murphy v. R. R.,* 211 N. C., 741, 191 S. E., 329; *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829; Anno., 119 A. L. R., 1041, 1055. The evidence, however, fails at this point: It does not show that the driver actually saw the plaintiff in his attempt to retrieve the stick of wood in his further attempt to scotch the truck, and the circumstances are not such as to put upon the driver of the truck the duty of anticipating that the plaintiff would undertake that difficult and dangerous operation, and of keeping a lookout for such an occurrence. And the evidence indicates that the events occurred in such rapid succession that the defendant had no opportunity to avoid the injury if he had seen it.

The forward motion of the wheel in the attempt to prevent the truck from rolling down the declivity occurred, for all practical purposes, just at the time the plaintiff undertook to remove the timber from in front of the wheels.

> "Discovery of the danger, or a duty to discover it, when offered as a predicate for a charge of negligence on the part of the defendant after the peril arose, involves something more than a mere dis-

covery or the duty to discover the injured person; it includes a duty in the circumstances to appreciate the danger in time to take the steps necessary to avert the accident." 38 Am. Jur., Negligence, Sec. 219; *Kruger v. Omaha & C. B. Street R. Co.,* 80 Neb., 490.

At any rate, we think there is a clear inference that the plaintiff's contributory negligence was in part, at least, the proximate cause of producing his injury; *Austin v. Overton,* 222 N. C., 89, 21 S. E. (2d), 887; *Godwin v. Atlantic Coast Line R. R.,* 220 N. C., 281, 17 S. E. (2d), 137; and cases cited.

As we have observed, there is no evidence that the request to "scotch the truck" was made to plaintiff, but, supposing that it was, his relation to the driver, or his superior, did not constrain him to undertake the service, or to pursue it in a dangerous manner.

The judgment of the court below is

Affirmed.