MAMIE DEAVER v. J. R. DEAVER.

(Filed 17 September, 1952.)

**1. Negligence § 9—**

Negligence does not create liability unless it is the proximate cause of the injury complained of, and foreseeability is an essential element of proximate cause.

**2. Negligence § 19b (1)—**

Evidence tending to show that defendant contractor was operating a small electric circular saw on a bench near his house, that there was sawdust and scrap lumber around the bench, that when plaintiff went out to deliver a business message to defendant, she stepped on something, lost her balance, and grabbed a piece of board on the saw bench which jerked her hand into the saw, causing serious injury, *is held* insufficient to overrule nonsuit, since under the evidence defendant could not have reasonably foreseen a mishap of such kind and nature.

APPEAL by plaintiff from *Bennett, Special Judge,* February Term, 1952, MADISON. Affirmed.

Civil action to recover damages for personal injuries.

Defendant is a contractor. In connection with his business he maintains and operates a small electric circular saw attached to a heavy-timbered, movable table or bench about four feet high. On 22 June, 1949, he placed the saw bench two or three feet from his back porch near the corner of his house, with the electric cord attached to a socket on the back porch. He was sawing boards and putting a new floor in his truck.

His wife, the plaintiff, would from time to time take messages for defendant over the telephone. On that day she went out to deliver a message just received. As she stepped down the one step to the back porch, her foot "reeled." "I stepped on something; I don't know, it might have been a piece of board." As she staggered and began to fall, she grabbed a piece of board on the saw bench and her hand was drawn into the saw and seriously injured. "Her hand was jerked into the saw." There was sawdust and scrap lumber around the bench. There was not as much scrap lumber on the opposite side of the bench. The turf around the bench was wet and soggy.

Defendant had operated his saw about his premises for several years and plaintiff was familiar with its operation and could see it that day before she left the porch and had seen it in its then location through her kitchen window. At the time of the mishap the saw was in operation but no one was in attendance. Defendant and his helper were then placing a newly sawn board in the flooring of the truck which was standing a few feet away.

Upon the conclusion of the plaintiff's evidence the court, on motion of defendant, entered judgment of nonsuit and plaintiff appealed.

*J. M. Baley, Jr., and Charles E. Mashburn for plaintiff appellant.*
*A. E. Leake and J. W. Haynes for defendant appellee.*

BARNHILL, J. Decision of the question presented on this appeal may rest upon the assumption that defendant was guilty of negligence in the manner in which he maintained and operated his saw and in permitting sawdust and scraps of lumber to accumulate around the saw bench, and that plaintiff occupied the position of an invitee or servant. Even so, the evidence offered, considered in the light most favorable to plaintiff, fails to make out a case for the jury.

Negligence does not create liability unless it is the proximate cause of the injury complained of. And foreseeability is an essential element of proximate cause. *Wood v. Telephone Co.,* 228 N.C. 605, 46 S.E. 2d 717; *Lee v. Upholstery Co.,* 227 N.C. 88, 40 S.E. 2d 688; *McIntyre v. Elevator*

*Co.*, 230 N.C. 539, 54 S.E. 2d 45; *Gant v. Gant,* 197 N.C. 164, 148 S.E. 34.

For us to say that defendant was required to foresee a mishap of the kind and nature described by plaintiff and her witness would require of him a degree of foresight or prevision not exacted by the law of negligence. What is said in *Gant v. Gant, supra,* is appropriate here:

"No man, by the exercise of reasonable care, however high and rigid the standard of such care, upon the facts in any particular case, can foresee or forestall the inevitable accidents, and contingencies which happen and occur daily, some bringing sorrow and loss, and some bringing joy and profit, all however contributing, in part, to make up the sum total of human life. The law holds men liable only for the consequences of their acts, which they can and should foresee and by reasonable care and prudence, provide for."

We note that plaintiff alleges she slipped on the "wet and slippery" turf around the saw bench while she undertook to prove her case on the theory the debris which defendant had permitted to accumulate in the narrow space between the house and saw bench through which she had to pass was the cause of her fall. Even so, the variance is not material here for, in any event, the evidence fails to disclose actionable negligence on the part of the defendant.

The judgment entered in the court below is
Affirmed.