J. W. GRIFFIN v. A. V. BLANKENSHIP, TRADING AS A. V. BLANKENSHIP
ENGINEERING COMPANY, AND ERNEST B. WILSON

(Filed 26 March, 1958)

**1. Negligence § 19b(1)—**
　　Upon motion for nonsuit in an action to recover for personal injuries
negligently inflicted, the evidence must be considered in the light most
favorable to plaintiff to determine its sufficiency to carry the case to
the jury on the question of actionable negligence.

**2. Negligence § 1—**
　　The operator of a bulldozer in grading land and clearing it of stumps
and brush is under legal duty to exercise that degree of care which a
reasonably prudent person would exercise to avoid injuring persons hav-
ing a legal right to be near the machine.

**3. Negligence § 17—**
　　In order to recover damages for an injury on the ground of negligence,
plaintiff must prove not only negligence, but must also prove by the
greater weight of the evidence that such negligence was the proximate
cause or one of the proximate causes of the injury.

**4. Negligence § 9—**
　　Foreseeability is an integral factor of proximate cause.

**5. Negligence § 19b(1)— Evidence held insufficient for jury on issue of
negligence on part of operator of bulldozer.**
　　Plaintiff's evidence was to the effect that he had contracted for the
use of a bulldozer and operator to grade and clear a street of stumps and
brush, the street being partially on his land, and that while he was stand-
ing some 10 feet off the right of way, a sapling, which was being pushed
along by the bulldozer with a pile of other saplings, brush and rubbish,
hit a stump and was thrown against plaintiff's leg. There was no evi-
dence that the bulldozer was operated negligently or in an unusual or
improper manner, or facts or circumstances from which such negligence
could be legitimately inferred. *Held:* The evidence fails to establish
either negligence or proximate cause on the part of the operator of the
bulldozer.

APPEAL by plaintiff from *Craven, Special Judge,* October 7 Special
Civil Term 1957 of MECKLENBURG.

　This is a civil action to recover for personal injuries sustained by
the plaintiff as a result of the alleged negligence of the defendants.

　Plaintiff and his wife owned a small tract of land in Mecklenburg
County near Toddville Road on Pinebrook Circle. The land adjoins
a tract owned by Mr. C. E. Burke. Plaintiff and Mr. Burke decided
to open a street along their boundary line forty feet wide, twenty feet
on plaintiff's land and twenty feet on Burke's land, for a distance of
approximately 600 feet, leading from Pinebrook Circle. Plaintiff caused

his property along the proposed street to be divided into building lots, and had the proposed street surveyed and staked out by a professional surveyor.

The plaintiff contracted on behalf of himself and Mr. Burke with a representative of the defendant A. V. Blankenship Engineering Company, hereinafter called Blankenship, to grade the street with a bulldozer. Blankenship was to furnish a bulldozer and an operator to do the work for $10.00 an hour. It was understood that the street was to be cleared by the owners, or at least the timber was to be cut down before the grading was to be done. The stumping, clearing away of limbs, small bushes, etc., including the grading, was to be done by Blankenship.

The bulldozer and equipment were sent to the premises in question on 11 May 1956. The defendant Ernest B. Wilson was the operator of the bulldozer. The plaintiff had pointed out to Mr. Wilson the stakes showing the boundaries of the street sometime prior to the day the grading was begun. Just before the work actually started, the plaintiff said to Mr. Wilson, "Now we have this timber and all, and I have a lot over here and I would like to push this rubbish over on it." Mr. Wilson said, "We won't push it over on that lot, it will damage your trees. We will push it up and burn it." It was agreed that the stumps, trees, and rubbish that had been left in the street area would be pushed into a pile in the middle of the street and burned. The plaintiff thereafter set fire to the pile of rubbish and assisted in burning it. Meantime, Mr. Wilson was proceeding to push treetops and other rubbish upon the pile of burning rubbish.

Mr. Ted S. Lewis had cut the trees in the street area and it was understood that in return for his labor he was to have all the merchantable timber. After setting fire to the pile of rubbish, the plaintiff and Mr. Lewis watched Mr. Wilson finish up at the end of the street next to Pinebrook Circle. The bulldozer was then headed towards the dead end of the street. The plaintiff said to Mr. Lewis, "If you want to save that timber on the other end we better go down and throw it out. If we don't it will be pushed up and burned." The plaintiff and Mr. Lewis crossed the street that was being graded, now called Burke Drive, and went into the woods a distance of approximately twenty feet and were about 250 feet from Pinebrook Circle and about 350 feet from the dead end of the street. The plaintiff saw some poison ivy hanging from the trees. Being allergic to poison ivy, he stepped back towards the street about five feet. He testified, "I could hear the bulldozer running, making right much noise. There were trees around me * * * trees all over the whole place. Quite a few clusters of trees, standing. * * * As I stood about 15 feet in the woods from the edge of the road, I was looking out into the road * * * I could see the operator but

couldn't see the dozer. I could see through the cluster of trees. I could see the man sitting on the dozer. * * * As he came on down, I stood there* * * looking * * * I could see him, the driver, as the dozer moved on down. In a few minutes something hit me, my leg, and knocked me to the ground. * * * There was a blade on the front end of the dozer. The dozer was sitting to east of the center of the street and back toward the dead end of the street from me. At the time the tree hit me it was right across from me * * * When the tree hit me I was knocked to the ground. It hit my left leg below the knee * * * As I was on the ground I saw the tree. The stump end of the tree hit me, it had been sawed off * * * the sawed-off end next to me was 4 to 5 inches in diameter, the trunk end. The pole or tree extended from where I was lying to the front of the blade of the bulldozer." The accident occurred about one and one-half hours after the work was started. The bulldozer was stopped immediately after the accident.

Plaintiff offered in evidence the adverse examination of the defendant Wilson, the operator of the bulldozer at the time of the accident. He testified, "It was a pine tree that hit Mr. Griffin in the leg. The bulldozer came in contact with the top end of the pine tree. The pine tree was about four inches through at the trunk end. It was sticking out there about eight or ten feet, I would say. But I don't know how long it was because most of it was under the trees I was pushing. * * * It was just in the pile of trees * * * on the bottom of the pile * * * and the trunk was sticking out. I had not completed my stumping at the time. * * * The blade of my dozer was 11 feet 6 inches wide, and the dozer was 8 feet wide. * * * I was on a D-7 Caterpillar * * * about five feet from the ground * * *. Sitting down my eyes were about eight feet from the ground * * *. I could see the left end of the blade on the ground, but not to the right. You sit on the back end of the Caterpillar. I have never measured the length of the Caterpillar but it is about 18 feet long * * *. On the right-hand side you can see the top of the blade at the end. * * * I did not see the pine tree because it was dragging along beside the tractor. It hit a stump * * * It was out to the side of the tractor * * *. It was not sticking out from the tractor and blade * * *. It was dragging back and come off of something there in this open place where Griffin was standing and, when it hit the stump, it flew around like that and hit Griffin. * * * " Q. "Before it hit the stump and as it was dragging, was it dragging along parallel with the tractor?" A. "No, it was not dragging along parallel with the tractor when it hit the stump. The stubble and stuff was along back here, I guess, I did not see it. If it had been sticking straight out, I would have seen it. It came out from behind the stubble against the single stump, bounced, slid over and hit Griffin. It bounced out of the right of way when it left the stump. * * * The pile of brush I was pushing

when they got off the right of way was bigger than the tractor * * * they were around 50 feet from the dozer when they actually got off the right of way. * * * As I came up, Mr. Lewis walked back, about twice the distance that he was, somewhere in the neighborhood of ten to twelve feet from the right of way. * * * At the time the tree hit Mr. Griffin, he was somewhere around * * * six or eight feet * * * I would say, off the right of way. * * * I first knew that the pole that struck Mr. Griffin was attached to my equipment when it flew out and hit him."

The evidence of this witness further tends to show that when the tractor was stopped, its blade was about even with Mr. Griffin. He testified, "I jumped off the tractor and took one step and was to Mr. Griffin * * * At the time the pine pole was still attached to the brush heap in front of the blade. From the end of the blade to the end of the pole was approximately eight feet. I later pushed the pole and other rubbish into the pile after we got Mr. Griffin to the car."

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*Richard M. Welling, for plaintiff, appellant.*
*Kennedy, Covington, Lobdell & Hickman, Eugene M. Anderson, Jr., for defendants, appellee.*

DENNY, J. This appeal turns on whether or not the plaintiff's evidence, when considered in the light most favorable to him, as it must be when considering a motion for judgment as of nonsuit, is sufficient to carry the case to the jury on the question of actionable negligence. *Williamson v. Clay*, 243 N.C. 337, 90 S.E. 2d 727, *Singletary v. Nixon*, 239 N.C. 634, 80 S.E. 2d 676; *Hughes v. Thayer*, 229 N.C. 773, 51 S.E. 2d 488; *Atkins v. Transportation Co.*, 224 N.C. 688, 32 S.E. 2d 209.

The plaintiff devotes a substantial part of his brief in arguing that the defendant operator of the bulldozer was not an employee of the plaintiff. Therefore, he contends that both the defendant operator and his employer, the owner of the equipment, are responsible to the plaintiff for the injuries he sustained, citing *Hodge v. McGuire*, 235 N.C. 132, 69 S.E. 2d 227.

It is not necessary to determine whether the operator of Blankenship's bulldozer was an employee of the plaintiff or of Blankenship if the plaintiff's evidence is insufficient to establish actionable negligence against the defendant Wilson. "Actionable negligence exists only where one whose acts occasion injury to another owes to the latter a duty created either by contract or by operation of law which he has failed to discharge. There must be an act or omission by which a legal duty or obligation to the complaining party is breached and there must be

a causal connection between the breach of duty and the injury." *True-love v. R.R.*, 222 N.C. 704, 24 S.E. 2d 537.

The operator of the bulldozer on the occasion involved herein, owed to the plaintiff the duty to exercise due care in the operation and manipulation of the bulldozer.

In *Butler v. Allen*, 233 N.C. 484, 64 S.E. 2d 561, this Court said: "The due care required in fixing responsibility for negligence is the rule of the prudent man. The standard is always that care which a reasonably prudent man should exercise under the same or similar circumstances. . . ."

To recover damages for an injury, it is not only necessary to prove a negligent act but it is equally necessary to show by the greater weight of the evidence that such negligent act was the proximate cause or a proximate cause of the injury.

An integral factor necessary to constitute proximate cause is fore-seeability. *Cranfield v. Winston-Salem*, 200 N.C. 680, 158 S.E. 241; *McIntyre v. Elevator Co.*, 230 N.C. 539, 54 S.E. 2d 45.

In the case of *Osborne v. Coal Co.*, 207 N.C. 545, 177 S.E. 796, it is said: "Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted." *Beach v. Patton*, 208 N.C. 134, 179 S.E. 446; *Butner v. Spease*, 217 N.C. 82, 6 S.E. 2d 808; *Brady v. R.R.*, 222 N.C. 367, 23 S.E. 2d 334; *Hiatt v. Ritter*, 223 N.C. 262, 25 S.E. 2d 756; *Watkins v. Furnishing Co.*, 224 N.C. 674, 31 S.E. 2d 917; *Aldridge v. Hasty*, 240 N.C. 353, 82 S.E. 2d 331.

There is no evidence on this record which tends to show that the defendant Wilson operated the bulldozer negligently or in an unusual or improper manner, or that in its operation there were any facts or circumstances from which negligence on his part may be legitimately inferred. *Gant v. Gant*, 197 N.C. 164, 148 S.E. 34; *Rockey v. Ernest*, 367 Pa. 538, 80 A 2d 783.

In our opinion, the evidence does not show facts sufficient to warrant the inference that the operator of the bulldozer could reasonably have foreseen that the sapling, which was being pushed along with a pile of other saplings, brush and rubbish, would fly out and injure the plaintiff, who was standing in the woods and off of the right of way. *Osborne v. Coal Co., supra; Gant v. Gant, supra.* Consequently, we hold there was no error in sustaining the motion for judgment as of nonsuit.

Affirmed.