ESTELLE C. DAVIS, ADMINISTRATRIX OF THE ESTATE OF DEBORAH DENISE DAVIS, DECEASED v. JOEL DEE PARNELL.

(Filed 20 November 1963.)

1. Trial § 21—

On motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff, giving her the benefit of all reasonable inferences of which it may be susceptible.

2. Automobiles § 41m—

In an action to recover for the death of a five year old child, fatally injured when struck by an automobile driven by defendant at night as the child was crossing the street at an angle in the same general direction as defendant was driving, nonsuit is erroneously allowed when there is testimony of a witness permitting the inference that defendant overtook and passed the witness as the witness was traveling at the maximum lawful speed of 35 miles per hour for that zone.

APPEAL by plaintiff from Parker, J., April, 1963 Civil Session, NEW HANOVER Superior Court.

The plaintiff Administratrix of Deborah Denise Davis instituted this action to recover under the wrongful death statute, alleging the death of her intestate, age 5, proximately resulted from the defendant's actionable negligence.

The defendant admitted fatally injuring the plaintiff's intestate as she attempted to cross his traffic lane, but denied he was negligent in any particular. He alleged, however, the parents of the child, who

would benefit by recovery for her death, were contributorily negligent in that they permitted her to be on the street at night unattended.

At the close of plaintiff's evidence, judgment of compulsory nonsuit was entered from which the plaintiff appealed.

*Aaron Goldberg for plaintiff appellant.*
*W. G. Smith for defendant appellee.*

HIGGINS, J.   The court entered judgment of nonsuit and dismissed the action on the ground the plaintiff's evidence was insufficient to permit any reasonable inference her intestate's death resulted from defendant's actionable negligence. This appeal challenges the correctness of that judgment. On the question presented, the plaintiff is entitled to have the evidence considered in the light most favorable to her, giving her the benefit of all reasonable inferences of which it may be susceptible. *Griffin v. Blakenship,* 248 N.C. 81, 102 S.E. 2d 451; *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488.

The fatal accident occurred on Dawson, "one of the busiest arterial streets in the City of Wilmington." The street surface was divided into four traffic lanes, each 11 feet in width. The two north lanes were marked for west-bound travel—the two south lanes for travel east. A yellow line in the center separated the two north from the two south lanes.

Mr. Johnson, the only eyewitness examined, testified that he was driving east with lights on at a speed of about 35 miles per hour. After passing through the Thirteenth Street intersection he saw two children crossing to the south side of Dawson, about 60 to 75 feet in front. Behind them and about 10 feet beyond, also crossing in the same direction, was the plaintiff's intestate, age five. These children were all south of the yellow line. They were crossing at an angle toward the east—the direction the witness and the defendant were driving. Upon seeing the children, certainly the two in front, the witness applied his brakes and stopped. The plaintiff's intestate was in the middle of the street, crossing also at an angle. "I heard brakes squealing, and I saw the lights of the car coming. It (defendant's vehicle) hit the child from the rear and knocked it up the street, over and over, about 30 feet from the impact. . . . There were no cars in front of Mr. Parnell traveling eastwardly at the time of the accident." In answer to a question, Mr. Johnson testified Parnell's car was driven "at a high rate of speed." The evidence was ordered stricken by the court. Whereupon the court excused the jury and Mr. Johnson testified before the judge: "I was traveling at 35 miles an hour." He observed the defendant's

vehicle for about 40 feet. "I have an opinion satisfactory to myself as to the rate of speed the car was making; that opinion is at least 45 to 50 miles an hour." The record does not disclose any objection either to the question or to the answer.

After the jury was recalled, no reference was made to the evidence taken in its absence. The defendant's motion for nonsuit was allowed and judgment entered accordingly.

We are not able to determine, nor do we find it necessary to do so, whether the court on the motion to nonsuit took into account the evidence which it heard in the absence of the jury. However that may be, we think there is evidence sufficient otherwise to permit an inference of excessive speed on the part of the defendant and of his failure to see the little children in the street in time to have avoided running over the plaintiff's intestate. According to the evidence of the witness Johnson, he was driving at 35 miles per hour, admittedly the legal maximum, at the time he saw the children. The evidence permits the inference the defendant overtook and passed the witness. The court should have submitted the case to the jury. We reach this conclusion on the rule of law which requires us to give plaintiff the benefit of all legitimate inferences that may be drawn from the evidence and to resolve all discrepancies in her favor. The jury, however, may not render a verdict for the plaintiff until she has made out her case by the greater weight of the evidence. *Hood v. Coach Co.*, 249 N.C. 534, 107 S.E. 2d 154; *Lake v. Express Co.*, 249 N.C. 410, 106 S.E. 2d 518.

The judgment of nonsuit is

Reversed.