DANNY J. MOORE, BY HIS NEXT FRIEND, JAY MOORE, v. LAURA H. MOORE.

(Filed 21 September, 1966.)

**1. Negligence § 24a—**

In order for plaintiff to be entitled to go to the jury on the issue of negligence he must introduce evidence either direct or circumstantial, or a combination of both, sufficient to support a finding that defendant was guilty of the act of negligence alleged in the complaint and that such act proximately caused plaintiff's injury, including the essential element of proximate cause that injury was reasonably foreseeable under the circumstances.

**2. Negligence § 37f— Evidence held insufficient to show that burning of child from electric cord was the result of negligence of defendant.**

Evidence tending to show that a three year and eleven month old child, together with other members of his family, were guests in defendant's home, that he and his two sisters were put to bed in a room, that his mother looked in on two occasions and ascertained the boy was in bed, that thereafter the fifteen year old daughter of defendant found the boy lying on the floor beside the bed with the end of an extension cord in his mouth, emitting sparks, that the boy was badly burned, that after the accident it was found that the insulation on the cord where the wires joined the plug was frayed, exposing the wires, *is held* insufficient to be submitted to the jury on the issue of defendant's negligence on the theory that defendant permitted a dangerous and defective cord to be in the room, since there was no evidence that the cord was defective or that its wires were exposed prior to the accident, and defendant could not have reasonably anticipated that the boy would leave the bed and ground the current by taking the plug in his mouth.

**3. Evidence § 54—**

A party offering the testimony of witnesses is not entitled to impeach their testimony by showing that they made different statements at other times.

APPEAL by plaintiff from *Parker, J.,* March, 1966 Civil Session, CARTERET Superior Court.

This civil action was instituted to recover for the severe burns suffered by Danny J. Moore, age three years, eleven months, as a result of his contact with the open end of an extension cord connected with a switch in the wall of the bedroom in the defendant's home.

The complaint alleged the defendant was negligent in that "she owned and kept on her premises an extension cord which was defective in that there were a number of exposed or uninsulated wires at the end of the cord . . . adjacent to the open plug . . . when she knew or should have known that children, and especially this plaintiff, were liable to be injured by the defective condition of said cord." The defendant demurred to the complaint for failure to state facts sufficient to constitute a cause of action. The court overruled the demurrer. The defendant, by answer, denied all allegations of negligence.

The material evidence, quoted in part and summarized in part, disclosed the following: Jay Moore and wife, Carolyn Moore, son, Danny J. Moore, age three years eleven months, daughters Dolores and Doreen, ages two and one, lived in Morehead City. The defendant, her husband, Ashley Moore, and two daughters, Kitty, age 15, and Lovie Jane, age 13, lived in Kinston. Jay Moore and Ashley Moore are brothers. On July 25, 1964, the defendant and her two daughters were visitors in the Jay Moore home. On that day Carolyn Moore, with her three children, left Morehead City with the defendant and her two daughters to visit the Ashley Moores in Kinston.

At approximately 7:30 in the evening Danny J. and his two sisters were put to bed—Danny J. in the twin bed on the left, Dolores in the twin bed on the right, and the baby on a floor mattress between the twin beds. Danny's mother, the defendant and her two daughters were present, assisting in making and completing the sleeping arrangements for the little ones.

In addition to the beds, the room contained two chests of drawers and a night stand on which there was a "lamp." Apparently the lamp was not connected with the wall switch. The defendant, on adverse examination, testified: "There was no extension cord in the bedroom. . . . I told Lovie Jane to put one on in there that night. . . . The extension cord was in the closet. I had not owned it over a month . . . I had used it . . . once or twice . . . She knew where to plug it in." Apparently the purpose of having the cord was to activate the lamp on the night stand so that the overhead light could be turned off.

The mother testified: "I checked on the children personally dur-

ing the night. I just opened the door and looked in and the first time none of them were asleep so I told them to be quiet, to get quiet and to go to sleep, and the next time the two girls were asleep; so I cautioned Danny to be quiet so he wouldn't wake them up and to go back to sleep. Danny was on the bed the last time I saw him."

Thereafter, Kitty checked the bedroom. This is her story: "I went to his bedroom that night immediately prior to the accident. I saw that Danny was lying in between the mattress and the bed that he was supposed to be on, and I saw sparks flying and I didn't know what to do, so I just grabbed him by his foot and pulled him away from it . . ." Somehow Danny had left his bed and either disconnected the extension cord from the lamp (if it was so connected) or picked up the disconnected cord, placed the plug in his mouth completing the electric circuit and causing his injury.

After the accident the insulation at the point where the wires joined the plug was frayed, exposing the wires. The plug was in the child's mouth when Kitty entered the room and discovered the accident. He was horribly burned.

At the close of the evidence the court entered judgment of involuntary nonsuit. The plaintiff appealed.

*Harvey Hamilton, Jr., Henry C. Boshamer for plaintiff appellant.*
*George McNeill and Joseph C. Olschner for defendant appellee.*

HIGGINS, J. This appeal presents the question of law whether the plaintiff offered evidence sufficient to permit the jury to find (1) the defendant was guilty of the act of negligence alleged in the complaint; and, if so, (2) whether such act proximately caused the plaintiff's injury. In such cases the evidence is sufficient if, upon its fair and reasonable consideration, it permits the jury to make the required findings. *Davis v. Parnell,* 260 N.C. 522, 133 S.E. 2d 169; *Griffin v. Blankenship,* 248 N.C. 81, 102 S.E. 2d 451. The proof may be by evidence, direct, circumstantial, or a combination of both. *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33; *Kirkman v. Baucom,* 246 N.C. 510, 98 S.E. 2d 922.

To permit recovery for an injury, the jury must find the defendant was guilty of one or more of the negligent acts alleged and that the injurious result was reasonably foreseeable. *Jenkins v. Electric Co.,* 254 N.C. 553, 119 S.E. 2d 767. Negligence is the failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them. *Mattingly v. R. R.,* 253 N.C. 746, 117 S.E. 2d 844. The breach

MOORE v. MOORE.

of duty may be by negligent act or a negligent failure to act. *Williams v. Kirkman*, 246 N.C. 510, 98 S.E. 2d 922.

Ordinarily, before conduct is actionable, injury from it must be reasonably foreseeable. "The law only requires reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care, the party whose conduct is under investigation is not answerable therefor. (citing authorities) . . . One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable." *Herring v. Humphrey*, 254 N.C. 741, 119 S.E. 2d 913.

In this case two hurdles confront the plaintiff. Both must be cleared before he gets to the jury. (1) The plaintiff must have offered some evidence the defendant kept for use in the home a defective extension cord and that she had actual or constructive knowledge of the defect. (2) She should have reasonably foreseen that the plaintiff was likely to sustain injury as a result of the use being made of the cord. The evidence discloses that the defendant bought the cord new a month or two before July 25, 1964. She had used it only a time or two. The defendant sent her daughter for the cord and gave instructions that it be used to connect the current with the lamp on the night stand. There is no evidence the wires were exposed or that the cord was defective prior to the accident. After the accident there was a break in the insulation near the plug. In this connection, it should be remembered that Danny was discovered on the floor with the plug in his mouth and sparks were flying from the wires. Whether he broke the insulation or whether grounding the circuit caused the insulation to burn off is left to conjecture.

During the entire time the children were being put to bed, Danny's mother was present, actively participating. She returned to the room on two occasions. Each time Danny was in his bed. Should the defendant have anticipated Danny would leave his bed, ground the current by taking the plug in his mouth and thereby injure himself? Such an unfortunate and regrettable result can only be classed as remotely and slightly probable. Such is not sufficient foundation to support a finding of actionable negligence. *Herring v. Humphrey, supra; Brady v. R. R.*, 222 N.C. 367, 23 S.E. 2d 334.

The other assignments of error relate to the refusal of the court to permit the plaintiff's witnesses, Jay Moore and Harold Collins, to say that Kitty Moore and Lovie Jane Moore had made state-

ments different from their testimony. The court was correct in excluding this evidence. Both girls were called and testified as witnesses for the plaintiff. The party who offered them could not contradict nor impeach them by showing they had made different statements at other times. *State v. Tilley,* 239 N.C. 245, 79 S.E. 2d 473; *State v. Cohoon,* 206 N.C. 388, 174 S.E. 91; *Smith v. R. R.,* 147 N.C. 603, 61 S.E. 575.

The plaintiff failed to offer evidence sufficient to permit a finding of liability on the part of the defendant. The judgment of nonsuit was proper and is

Affirmed.