## ZACO CLEMENT v. ZALPH CLEMENT.

(Filed 28 September, 1949.)

1. **Waiver § 1—**

   A person *sui juris* may waive practically any right he has unless forbidden by law or public policy, and therefore a waiver may relate to procedure and remedy as well as to substantive rights.

2. **Same—**

   A waiver sometimes partakes of the nature of estoppel and sometimes of contract.

3. **Waiver § 3—**

   Whether a waiver must be supported by consideration in order to be enforceable depends upon the nature and the occasion of the particular waiver.

**4. Same—**

A waiver of interest on a note, which waiver is made subsequent to execution and prior to maturity or suit and before any negotiation between the parties after demand for payment, requires consideration to support it in the same manner as any other contract.

**5. Same: Bills and Notes § 3—**

Consideration for a promise to forego interest on a note, which promise is made subsequent to the execution of the note and before maturity, cannot be supplied by the mutual considerations in the execution of the note.

**6. Contracts § 15—**

The burden of establishing an alteration of a contract by valid waiver is upon the party asserting the defense of such alteration.

**7. Trial § 31c—**

An instruction which submits to the jury a mixed question of law and of fact when there is no evidence in support thereof must be held for reversible error.

PLAINTIFF'S appeal from *Nettles, J.,* June Term, 1949, RUTHERFORD Superior Court.

The plaintiff sued the defendant for recovery of a balance alleged to be due on three notes, all under seal: One made March 3, 1930, in the sum of $100; another made June 25, 1931, in the sum of $200; and another made January 16, 1930, in the sum of $1,900. All of these were made to the plaintiff. In his complaint he admits various payments made upon them, reducing the total indebtedness, as he alleges, to a balance of $2,229.76, principal and interest. The defendant admits the execution of the notes, claims that they have been discharged by various payments made thereupon and are no longer owing; and pleads as a further defense that the plaintiff, some time after the execution of the notes, agreed not to charge any interest upon them, in view of the fact that the defendant had lost a large part of the proceeds in the failure and closure of the banks. This was denied in plaintiff's reply.

On the trial the evidence as to the exact sum due upon the notes, if any, was for the jury and need not be gone into in detail. The interest, however, which plaintiff claimed constituted a substantial amount since the loans had run over a considerable period before suit was brought. The controversy is principally over this interest which, it is contended, under the instructions of the court, plaintiff was allowed to recover.

The question here posed is whether under the facts relating to this item, recovery was proper.

The language of the answer in setting up the defense is as follows:

"1. That the note in the sum of $1900.00 referred to in paragraph 4 of the complaint was executed by the defendant just prior to the closing of the banks in Rutherford County in 1930 and the proceeds of said loan or a greater part thereof was lost in the closed banks; that the plaintiff and the defendant some few months after the closing of the banks entered into a supplemental agreement whereby the plaintiff agreed that in view of the loss of the money in the bank by the defendant that the plaintiff would not charge any interest on the said note."

The evidence admitted in support of it is substantially as follows:

"Me and him got to talking, and I lost so much money in the bank that I said to him if he had had his money in the bank he would have lost it; that mine was gone and that he ought not to charge me interest on this money anyway, and he said I am not going to charge you any interest."

Defendant introduced in evidence the following writing:

"No interest to be charged to Zalph Clements on notes $1900.00 and $100.00 since the banks has closed. (s) by Zaco C."

There was evidence tending to show that this writing was signed by the plaintiff.

Plaintiff objected to the introduction of the evidence concerning this document or transaction on the ground that it was not contemporaneous with the execution of the notes and was without consideration. The court charged the jury with respect to consideration as follows:

"So we come down to what is known as consideration. A contract between parties without consideration ordinarily would be null and void and would not be of any force and effect. That is the contention of the plaintiff in this case. He says that even though he did not make such a contract, but even though you find there was a contract of foregoing the interest, that it was not made on consideration, and therefore it would be null and void, and that the defendant gave him nothing for such a new promise or agreement to forego the interest, and therefore it would be null and void. Consideration in the sense in which it is used in legal matters is a contract conditioned on some right, gain, advantage or profit flowing from one party, usually the promissor, or some disadvantage, act or service given, offered or undertaken by the promissee. It is usually suffi-

cient to define it as an advantage for the promissor, or a detriment to the promissee. Consideration means not so much one party profiting, but it is when the other party abandons some legal right or . . . his action in the future as an inducement for making the promise. The courts will not ask whether the things forming the consideration will benefit a third party or be of substantial value to anyone. It is enough that something is promised, foregone or offered to one to whom the promise is given in consideration for the promise made to him. There is consideration if the promissee does anything which he is not legally bound to do or refrains from doing anything which he had a right to do whether there is a loss or detriment to him or a loss to the promissor. In general a withdrawal of any legal right at the request of the other party is sufficient. The agreement to do the usual things stipulated on one side or on the other is sufficient consideration for the contract."

The jury, answering the issue as to the amount due plaintiff, found a sum much less than that demanded, and, from the ensuing judgment, plaintiff appealed.

*Hamrick & Hamrick* for plaintiff, appellant.
*J. S. Dockery and C. O. Ridings* for defendant, appellee.

SEAWELL, J.   The promise, if it may be so construed, made by the plaintiff to the defendant to refrain from exacting interest on the notes, was admittedly made some time subsequent to their execution and delivery,* and so was not a part of that transaction. It was made, too, if at all, long prior to the suit for enforcement and was, therefore, not in the course of that proceeding. It is difficult, then, to consider the act as a *waiver,* such as might be effectual without the support of a consideration. 56 Am. Jur. 100 n. 5. "Waiver," has been defined as "an intentional relinquishment of a known right." *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019; *Re Yelverton,* 198 N.C. 746, 153 S.E. 319; *Hardin v. Liverpool & L. & G. Ins. Co.,* 189 N.C. 423, 127 S.E. 353. A person *sui juris* may waive practically any right he has unless forbidden by law or public policy. The term, therefore, covers every conceivable right—those relating to procedure and remedy as well as those connected with the substantial subject of contracts. Sometimes they partake of the nature of estoppel and sometimes of contract. They occur

*The defendant's counsel, in their brief, admit that the transaction relating to the waiver of interest took place subsequent to the execution of the notes; conceding that otherwise the admission of parol evidence over plaintiff's objection was error.

in the course of a judicial proceeding and sometimes, if we may use the term, are extra-judicial. No rule of universal application can be devised to determine whether a waiver does or does not need a consideration to support it. It is plain, then, that in the *nature* and *occasion* of the particular waiver must lie the answer as to whether or not it requires such consideration.

In *Porter v. Commissioner of Internal Revenue,* 60 Fed. 2d 673, *Judge Learned Hand* observed, "Promissory estoppel is now recognized as a species of consideration," but however atypical in other respects, this kind of estoppel is analogous to the principle on which the more classical or ordinary estoppel is based in that it is required to make it effectual' that the promisee in reliance upon the promise has been placed in a changed condition or position where detriment could only be avoided' by enforcement of the promise. Restatement, Contracts, sec. 90. It must have induced definite and substantial action on the part of the promisee which can only thus be equitably avoided. Williston on Contracts, sec. 140.

But it is safe to say that an extra-judicial waiver of a right to recover a stated sum of money on a promissory note does need a consideration to support it and is not to be compared with the waiver of a mere right relating to procedure or remedy, or even substance in the course of a trial or occurring in the course of dealing with executory performances.

For a waiver of a legal right, which right is to be, or may be asserted in the future, where the waiver for want of essential elements of that principle, cannot operate as an estoppel, requires a consideration as much as an agreement by any other name. 56 Am. Jur. 116, sec. 16; *Bank of U. S. v. Bank of Georgia,* 10 Wheat. (U.S.) 333, 6 L. Ed. 334; *Aron v. Rialto Realty Co.,* 100 N. J. Eq. 513, 136 A. 339, 102 J. J. Eq. 331, 140 A. 918. Generally speaking the requirement of consideration is the same as in any other contract.

Since the waiver in the instant case is only a unilateral concession on the part of the payee, it cannot be referred to the mutual considerations of the original contracts,—*i.e.,* the making of the notes.

On the whole the transaction benevolent in its nature, moved down a one-way street and took nothing of value from the beneficiary and added no detriment.

The burden of establishing his further defense,—that is, alteration of the contract by valid waiver, was upon the defendant; and in the absence of any evidence of consideration he failed to carry it.

The instruction to the jury on this point, challenged by the plaintiff, is abstract, does not hug the subject too closely. Its main defect, however, is that it definitely leads the jury to understand that they might find from the evidence that there was a legally sufficient consideration for the

promise, whereas no evidence thereof existed. The Court cannot say that this did not enter into the consideration of the jury in their answer to the single issue presented to them and reduce the amount of the award.

The plaintiff is entitled to a new trial. It is so ordered.

New trial.