J. KENNETH LEE, TRUSTEE FOR MEDICAL CARE, INC., PENSION PLAN v. PARAGON
GROUP CONTRACTORS, INCORPORATED

No. 8518SC401

(Filed 17 December 1985)

1. **Contracts § 14.2— contract modification—third-party beneficiary—absence of consideration**

   Plaintiff, a subcontractor's lender, could not recover as a third-party beneficiary of an alleged modified contract between the contractor and the subcontractor to make checks due the subcontractor payable jointly to the subcontractor and plaintiff where the contract modification was not enforceable because it was not supported by any new consideration.

2. **Estoppel § 4— promissory estoppel as substitute for consideration—inapplicable to third-party beneficiary**

   Only the promisee, and not a third-party beneficiary, may assert promissory estoppel as a substitute for consideration. Therefore, a subcontractor's lender could not assert promissory estoppel as a ground for recovery under a modified agreement between the contractor and the subcontractor that checks due the subcontractor would be payable jointly to the subcontractor and the lender.

3. **Negligence § 2— negligence in contract performance—absence of duty of care**

   A subcontractor's lender could not recover against the contractor for negligence in the performance of a contract modification between the contractor and the subcontractor to make checks due the subcontractor payable jointly to the subcontractor and the lender where the contractor's promise was not supported by consideration, and the contractor thus owed no legal duty to plaintiff lender based on contract.

APPEAL by plaintiff from *Ross, Judge.* Order entered 11 January 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 24 October 1985.

In this civil action plaintiff alleges that he is the third-party beneficiary of a contract entered into between defendant. Paragon Group Contractors, Inc. (Paragon) and P & F Drywall and Painting (P & F). He asserts that he is entitled to damages arising from defendant Paragon's breach and negligent performance of the contract.

The essential facts are:

Paragon was responsible for completing certain work at Woodstream Apartments. On 11 November 1982 Paragon entered into two contracts with P & F in which P & F agreed to perform

specified painting and drywall work for Paragon at the Wood-stream project. The contracts included detailed payment terms and specified that Paragon would make payments to P & F. The total contract prices were $295,000.00 for the drywall work and $101,350.00 for painting.

After P & F commenced work on the project, it found that it needed additional monies to pay its workers and suppliers. P & F approached plaintiff for a loan. Plaintiff agreed with P & F that it would advance the money to P & F provided future checks due from Paragon to P & F were made payable jointly to P & F and the plaintiff with the exception of checks covering amounts owed to Lowe's-Greensboro.

P & F approached Paragon and requested that Paragon make future payments due P & F for work performed on the Wood-stream project payable to both P & F and the plaintiff. On 3 March 1983 D. L. Morgan, Vice President of Paragon, sent the following letter to Richard Powell of P & F who signed it in the place indicated:

Dear Mr. Powell:

In accordance with your request, and effective this date, future payments due your firm for work performed under the terms and conditions of your contracts, will be made payable jointly to your company and J. Kenneth Lee, Trustee for Medical Care, Inc. Pension Fund with the exception of monies due and payable to Lowe's-Greensboro, for material purchases as they become due.

Please sign in the space provided below indicating your approval.

Sincerely,

s/ D. L. Morgan

D. L. Morgan-Vice President

APPROVED: P.&F. Drywall & Painting, Inc.

s/ Richard K. Powell

Richard K. Powell

Subsequently checks due to P & F for work performed under its contracts with Paragon were issued by Paragon jointly to

P & F and Lee, jointly to P & F and Lowe's and jointly to P & F and other creditors as requested by Paragon. On 17 September 1983 the contracts between Paragon and P & F were terminated.

In count one of his complaint, plaintiff alleged that as of 17 September 1983 Paragon had paid a total of $238,908.15 to P & F. Of that sum, Paragon paid $187,229.92 to plaintiff and P & F or to P & F and Lowe's-Greensboro. Plaintiff further alleged he had been damaged when Paragon paid $51,678.23 to "parties unknown and failed, and refused to include the name of plaintiff or Lowe's in violation of said agreements." In count two plaintiff alleged that Paragon owes P & F an additional $28,653.91 for work completed prior to 17 September 1983 and that Paragon's failure to pay those sums has caused plaintiff to incur additional expenses and loss of profits and "valuable contract rights with P & F" causing injury to plaintiff in the amount of $30,000.00. In the third count of plaintiff's complaint, plaintiff alleged that Paragon negligently breached the duty and standard of care owed to the plaintiff by failing "to exercise reasonable diligence and care to see that checks due and owing to P & F were made jointly to P & F and plaintiff or Lowe's" and that Paragon "negligently and without care paid said sums to others in violation of agreements." Based on this alleged negligence, plaintiff claimed damage in the amount of $51,678.23. By his fourth and final count, plaintiff alleged that Paragon "negligently failed to account and pay over sums due for work performed pursuant to said agreements" and claimed damage in the amount of $30,000.00.

Paragon filed a motion to dismiss the complaint pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Paragon's motion to dismiss was granted and plaintiff appeals.

*Romallus O. Murphy for plaintiff-appellant.*

*Robinson, Bradshaw & Hinson, by Richard A. Vinroot and Dan T. Coenen for defendant-appellee.*

EAGLES, Judge.

By his sole assignment of error, defendant contends that the trial court erred in granting defendant's motion to dismiss. We find no error.

The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. [Citation omitted.] A complaint may be dismissed on motion filed under Rule 12(b)(6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim. [Citation omitted.] For the purpose of a motion to dismiss, the allegations of the complaint are treated as true. [Citation omitted.]

*Leasing Corp. v. Miller*, 45 N.C. App. 400, 403-04, 263 S.E. 2d 313, 316, *cert. denied*, 300 N.C. 374, 267 S.E. 2d 685 (1980) (quoting *Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 263-64, 257 S.E. 2d 50, 54 (1979) ). Plaintiff asserts three alternative legal theories any one of which he contends could sustain the complaint.

a.

[1] Plaintiff seeks to recover as a third-party beneficiary on the agreement entered into between Paragon and P & F on 3 March 1983. To establish a contract claim based on third-party beneficiary doctrine, the complaint's allegations must show the existence of a valid and enforceable contract between two other persons and that the contract was entered into for the complainant's direct and not incidental benefit. *Leasing Corp. v. Miller, supra; Trust Co. v. Processing Co.*, 242 N.C. 370, 88 S.E. 2d 233 (1955).

Plaintiff argues that the 3 March 1983 agreement constitutes a new and distinct contract between Paragon and P & F or, alternatively, constitutes a modification of their existing agreement. Plaintiff can recover as a third-party beneficiary only if the contract or modification sued upon is valid and enforceable. An enforceable contract is one supported by consideration. *Investment Properties v. Norburn*, 281 N.C. 191, 188 S.E. 2d 342 (1972). Moreover, where a contract has been partially performed, as is the case here, a modification of its terms is treated as any other contract and must also be supported by consideration. *Brenner v. School House, Ltd.*, 302 N.C. 207, 274 S.E. 2d 206 (1981), *appeal after remand*, 59 N.C. App. 68, 295 S.E. 2d 607 (1982), *review denied*, 307 N.C. 468, 299 S.E. 2d 220 (1983). It is well established that consideration sufficient to support a contract or a modifica-

tion of its terms consists of "any benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee." 302 N.C. at 215, 274 S.E. 2d at 212. Consideration is the "glue" that binds parties together, and a mere promise, without more, is unenforceable. *In re Foreclosure of Owen*, 62 N.C. App. 506, 509, 303 S.E. 2d 351, 353 (1983).

Under the contract entered into 11 November 1982 between Paragon and P & F, a copy of which plaintiff attached to his complaint, P & F was legally bound to provide to Paragon the painting and drywall work outlined in the contract. The agreement of 3 March 1983 does not expand or extend P & F's existing obligation to Paragon. The 3 March 1983 agreement recites no new consideration given by P & F to Paragon and plaintiff has alleged none in his complaint. Generally, a promise to perform a pre-existing contractual obligation is not adequate consideration in exchange for a new promise by the other party. *Penn Compression Moulding, Inc. v. Mar-Bal, Inc.*, 73 N.C. App. 291, 326 S.E. 2d 280 (1985). Paragon, as promisor, received no benefit, right or interest as a result of the 3 March agreement. Conversely, P & F suffered no detriment or loss. P & F was bound by its contract with Paragon to perform drywall and painting work. It was to do that and nothing more. Without consideration the promise made by Paragon to P & F was not binding in law. Without a valid and enforceable contract or modification of its terms, plaintiff, as a matter of law, cannot recover as a third-party beneficiary.

b.

[2] As a substitute for the want of consideration, plaintiff relies on the doctrine of promissory estoppel. Promissory estoppel has its roots in the nineteenth century as a generalized theory of recovery based on reliance, where gratuitous promises were first recognized as a basis for recovery. A. Farnsworth, Contracts Section 2.19 (1982). *See* J. Calamari & J. Perillo, The Law of Contracts Sections 6-1 to -7 (2d ed. 1977). While the first use of the term "promissory estoppel" is attributed to Williston, in Boyer, *Promissory Estoppel: Requirements and Limitations of the Doctrine*, 98 U. Pa. L. Rev. 459 (1950), in 1933 the American Law Institute promulgated Section 90 of the Restatement of Contracts defining detrimental reliance as a substitute for consideration. Although never denominated as the doctrine of "promissory

estoppel," Section 90 became the Restatement's most notable and influential rule. Farnsworth, *supra*. It states, in terms generally applicable to all promises, the following principle:

> A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the *promisee* and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. [Emphasis added.]

Restatement of Contracts Section 90 (1932).

As originally drafted, promissory estoppel was applied only to two-party situations. The Restatement required that the reliance be "on the part of the promisee." However, this requirement was changed with the revision of Section 90 in the Restatement (Second) of Contracts adopted in 1979. The following version now appears as Section 90:

> (1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the *promisee or a third person* and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires. [Emphasis added.]
>
> (2) A charitable subscription or a marriage settlement is binding under Subsection (1) without proof that the promise induced action or forbearance.

Restatement (Second) of Contracts Section 90 (1979).

With the change of Section 90 to allow a third person, not the promisee, to assert promissory estoppel as a substitute for consideration the question becomes: Does the third party have the right to assert his own reliance to enforce a gratuitous promise made for his benefit? Since there was no consideration and consequently no contract created between promisor and promisee, the beneficiary's rights are more tenuous than in cases where consideration passed from promisee to promisor. For a discussion of promissory estoppel and third-party beneficiaries, see Note, *Should a Beneficiary Be Allowed to Invoke Promisee's Reliance to Enforce Promisor's Gratuitous Promise?*, 6 Val. U. L. Rev. 352 (1972). Before the revision of Section 90 there was debate as to

the propriety of expanding the doctrine to third parties. Professor Boyer argued against the expansion. Boyer, *supra*. Professor Corbin, on the other hand, supported the expansion so long as the named or intended beneficiaries themselves relied upon the promise and the promisor actually foresees or has reason to foresee action in reliance. 1A A. Corbin, Corbin on Contracts Section 200 (1963). The Restatement (Second) of Contracts Section 90 accepts Corbin's view and gives the beneficiary who relies upon the promise the right to invoke Section 90 against the promisor, subject to the qualifications of foreseeability and if injustice can be avoided only by enforcement of the promise.

Our research has disclosed no North Carolina cases that have recognized this expanded version of Section 90 permitting recovery by a third party. While our courts have recognized the doctrine of promissory estoppel to some extent, under the current state of the law only the promisee may assert promissory estoppel as a substitute for consideration. *Clement v. Clement*, 230 N.C. 636, 640, 55 S.E. 2d 459, 461 (1949) ("it is required to make it [the promise] effectual that the *promisee* in reliance upon the promise has been placed in a changed condition or position. . . ."; the promise "must have induced definite and substantial action on the part of the *promisee*. . . .") (emphasis added). Our courts have applied the doctrine in cases involving waiver by the promisee, *Wachovia Bank & Trust Co. v. Rubish*, 306 N.C. 417, 293 S.E. 2d 749, *reh. den.*, 306 N.C. 753, 302 S.E. 2d 884 (1982); but have denied its application in an action for breach of an employment contract, *Tatum v. Brown*, 29 N.C. App. 504, 224 S.E. 2d 698 (1976), in an action to enforce a plea bargain agreement, *State v. Collins*, 44 N.C. App. 141, 260 S.E. 2d 650 (1979), *affirmed*, 300 N.C. 142, 265 S.E. 2d 172 (1980), and in an action by citizens for an injunction against a municipal corporation, *Sykes v. Belk*, 278 N.C. 106, 179 S.E. 2d 439 (1971).

While some jurisdictions have accepted the third-party theory of recovery, see generally *Hoffman v. Red Owl Stores, Inc.*, 26 Wis. 2d 683, 133 N.W. 2d 267 (1965); *Silberman v. Roethe*, 64 Wis. 2d 131, 218 N.W. 2d 723 (1974); *Burgess v. California Mutual Building & Loan Assn.*, 210 Cal. 180, 290 P. 1029 (1930); *Aronowicz v. Nalley's, Inc.*, 30 Cal. App. 3d 27, 106 Cal. Rptr. 424 (1972); *Lear v. Bishop*, 86 Nev. 709, 476 P. 2d 18 (1970), we decline to do so in this case.

Plaintiff's complaint reveals that he was not a party to the 3 March 1983 agreement. He is not the promisee. His reliance, if any, was based on a gratuitous promise made by Paragon to P & F. As his complaint discloses a fact which necessarily defeats his third-party beneficiary claim, the trial court properly dismissed counts I and II of plaintiff's complaint.

c.

[3] Finally, plaintiff argues that the trial court improperly dismissed the complaint because the complaint stated a cause of action for negligence. We disagree.

"Negligence is the failure to exercise proper care in the performance of a legal duty which the defendant owed to the plaintiff under the circumstances surrounding them." *Dunning v. Warehouse Co.*, 272 N.C. 723, 725, 158 S.E. 2d 893, 895 (1968) (quoting *Moore v. Moore*, 268 N.C. 110, 150 S.E. 2d 75 (1966)). "The first prerequisite for recovery of damages for injury by negligence is the existence of a legal duty, owed by the defendant to the plaintiff, to use due care." *Meyer v. McCarley and Co.*, 288 N.C. 62, 68, 215 S.E. 2d 583, 587 (1975).

As plaintiff properly asserts in his brief, negligent performance of a contract may give rise to an action in tort as well as breach of contract. *Alva v. Cloninger*, 51 N.C. App. 602, 277 S.E. 2d 535 (1981). However, there was no consideration given for Paragon's promise to P & F and no contractual obligation arose out of the 3 March 1983 agreement. As a result, Paragon owed no legal duty to the plaintiff based on contract. Further, the complaint alleges no circumstances from which a duty, owed by Paragon to plaintiff, could be implied. Whether a duty to use care is owed by one party to another, and the degree of care required, depends upon the relationship between the parties. *Insurance Co. v. Sprinkler Co.*, 266 N.C. 134, 146 S.E. 2d 53 (1966). Here, nothing is alleged in plaintiff's complaint to indicate that any relationship ever existed between the plaintiff and the defendant. They both dealt with P & F but never dealt with each other. Since plaintiff's complaint fails to show any duty owed by defendant to plaintiff, the trial court properly dismissed counts III and IV of plaintiff's complaint.

### d.

We note that the record contains the affidavit of Donald L. Morgan, vice president of Paragon. This affidavit is incorporated by reference into defendant's memorandum in support of its motion to dismiss. The trial judge's order granting defendant's motion to dismiss states that he considered "the pleadings, memoranda and arguments of counsel presented." This may have included consideration of defendant's affidavit, the consideration of which would convert the motion to dismiss to a summary judgment motion. G.S. 1A-1, Rule 56. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). Assuming *arguendo* that the trial court considered the affidavit of defendant, after reviewing all the evidence contained in the record under the standard set forth in G.S. 1A-1, Rule 56, we conclude that there is no genuine issue of material fact and the defendant would be entitled to judgment as a matter of law.

Affirmed.

Judges WHICHARD and COZORT concur.