HOME ELECTRIC CO. OF LENOIR, INC., A NORTH CAROLINA CORPORATION v. HALL AND UNDERDOWN HEATING AND AIR CONDITIONING COMPANY, A NORTH CAROLINA PARTNERSHIP

No. 8625SC1189

(Filed 4 August 1987)

Contracts § 21.2; Estoppel § 6— construction contract—affirmative use of promissory estoppel—Rule 12(b)(6) dismissal proper

The trial court did not err in an action for breach of contract by granting defendant's Rule 12(b)(6) motion for dismissal where plaintiff general contractor had obtained a bid from defendant subcontractor for duct work; there was no allegation that plaintiff ever promised defendant that it would use its services if its own bid for the work was accepted; and defendant refused to perform the work after the contract was awarded to plaintiff. North Carolina case law has not approved the doctrine of promissory estoppel for affirmative relief, and has not recognized it as a substitute for consideration.

APPEAL by plaintiff from *Sitton, Judge.* Judgment entered 30 September 1986 in Superior Court, CALDWELL County. Heard in the Court of Appeals 1 April 1987.

Plaintiff, Home Electric Co. of Lenoir, Inc., was the successful bidder for the performance of all of the electrical, heating and air conditioning work on Camelot Manor, a rest home construction project. According to the complaint, prior to plaintiff submitting

its bid, defendant, Hall and Underdown Heating and Air Conditioning Company, "affirmatively promised Plaintiff it would perform the duct work" on Camelot Manor. Plaintiff relied on defendant's price of $29,400 in submitting its bid for the work. However, there was *no* allegation in the pleadings that plaintiff ever promised defendant that it would use its services if its own bid for the work was accepted.

After plaintiff was awarded the contract, defendant informed plaintiff it was not going to do the duct work. Plaintiff then obtained the same services from another subcontractor at a cost of $58,693.18 — $29,293.18 *more* than the price quoted by defendant. Plaintiff brought suit to recover $29,293.18.

In its complaint plaintiff alleged the existence of a contract between plaintiff and defendant, but failed to allege any consideration existed for its formation. Instead, plaintiff relied on the theory of promissory estoppel as a substitute for consideration. Defendant answered and moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The trial court granted that motion and stated that "[t]he appellate courts of North Carolina have never applied the doctrine of promissory estoppel to purported contracts between subcontractors and contractors as a substitute for consideration . . . ." From that judgment, plaintiff appeals.

*Delk, Swanson & Einstein, by Joseph C. Delk, III, David A. Swanson and Edwin S. Hartshorn, III, attorneys for plaintiff appellant.*

*Whisnant, Simmons, Groome, Tuttle & Pike, by H. Houston Groome, Jr. and Vanessa Barlow, attorneys for defendant appellee.*

ORR, Judge.

Plaintiff argues that the trial court erred in dismissing its contractual claim on the grounds of a failure of consideration. It is contended by the plaintiff that the doctrine of promissory estoppel should apply in the case *sub judice* so as to serve as a substitute for consideration. We decline to expand the use of the doctrine of promissory estoppel in cases such as this one and affirm the trial court's decision for the reasons set forth below.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E. 2d 161, 163 (1970), which will be dismissed if it is completely without merit. *Lee v. Paragon Group Contractors*, 78 N.C. App. 334, 337 S.E. 2d 132 (1985). A complaint is without merit if (1) there is an absence of law to support a claim of the sort made; (2) there is an absence of fact sufficient to make a good claim; or (3) there is the disclosure of some fact which will defeat a claim. *Id.* at 337, 337 S.E. 2d at 134. In the case *sub judice*, there is an absence of law to support the plaintiff's claim.

Plaintiff's complaint alleges the existence of a contract between plaintiff and defendant. However, the complaint fails to allege the existence of any consideration for defendant's promise to perform the duct work for $29,400. A contract, to be enforceable, must be supported by adequate consideration. *Matthews v. Matthews*, 2 N.C. App. 143, 162 S.E. 2d 697 (1968). Consideration which is sufficient to support a contract "consists of 'any benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee.'" *Lee v. Paragon Group Contractors*, 78 N.C. App. at 338, 337 S.E. 2d at 134 (citation omitted).

Plaintiff, however, asserts the doctrine of promissory estoppel and argues that it serves as a substitute for consideration.

The Restatement of Contracts states the following:

A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

Restatement (Second) of Contracts § 90 (1979). The comment to this section states that this section is often referred to in terms of "promissory estoppel."

However, there are differing interpretations of § 90.

It [§ 90] appears to be intended as a substantive rule of law to be used as a sword under which a promisee can bring an action and, if he proves the elements set out in § 90, enforce the promise. By supplying the missing elements to the con-

Home Electric Co. v. Hall and Underdown Heating and Air Cond. Co.

tract it appears to give the promisee an enforceable right of action in contract against his promisor. In effect, if a complaint is patterned after § 90, it anticipates the defenses of lack of assent and lack of consideration, and thus precludes, at least as a matter of law, the promisor's reliance on such defenses.

Apparently not all legal scholars equate promissory estoppel with § 90 of the Restatement. The position has been taken that promissory estoppel applies only in cases where there is a promise or representation as to an intended abandonment by the promisor of a legal right which he holds or will hold against the promisee.

Annot. "Statute of Frauds — Promissory Estoppel," 56 A.L.R. 3d 1047 (1974).

The North Carolina Courts have recognized to a limited extent the doctrine of promissory estoppel, but have not expressly recognized it in all situations. Furthermore, our Courts have never recognized it as a substitute for consideration, either in construction bidding, or in any other context. The North Carolina cases which have applied the doctrine have only done so in a defensive situation, where there has been an intended abandonment of an existing right by the promisee. North Carolina case law has not approved the doctrine for affirmative relief.

In *Clement v. Clement*, 230 N.C. 636, 55 S.E. 2d 459 (1949), the Supreme Court recognized the doctrine of promissory estoppel in the limited context of a judicial waiver. In that case defendant asserted the doctrine to prevent plaintiff from charging interest when plaintiff had previously agreed not to charge it. The Court stated that promissory estoppel would apply to the waiver situation, but refused to apply the doctrine on these facts. It stated that the waiver of interest on a loan was an extrajudicial waiver and also that there was no detrimental reliance by the promisee in that case.

The most recent and definitive discussion of promissory estoppel occurred in the case of *Wachovia Bank v. Rubish*, 306 N.C. 417, 293 S.E. 2d 749, *reh. denied*, 306 N.C. 753, 302 S.E. 2d 884 (1982), where defendant relied on his landlord's promise not to require a written notice to renew his lease. After the landlord

died, defendant failed to give written notice of renewal and the landlord's executors cancelled his lease and sued for summary ejectment. The Court held that defendant could assert promissory estoppel as a defense to the summary ejectment action by proving an express or implied promise to waive the written notice provision and by proving his detrimental reliance on that promise. It is important to note that the opinion makes no mention of § 90 of the Restatement of Contracts and deals with the waiver of a legal right.

Plaintiff relies on *Allen M. Campbell Co., Gen. Cont. v. Virginia Metal Ind.*, 708 F. 2d 930 (4th Cir. 1983), a case arising in North Carolina, to support its theory of promissory estoppel as a substitute for consideration. In that case, plaintiff contractor used defendant subcontractor's oral bid for metal doors in formulating its prime bid for a construction project. Plaintiff was awarded the contract, but defendant was unable to deliver the goods at the stated price. Plaintiff sued on a theory of promissory estoppel to recover the difference between the price of defendant's oral bid and its replacement cost. The Fourth Circuit Court of Appeals held that plaintiff could recover on the theory of promissory estoppel and concluded that North Carolina courts would have applied the doctrine had they been faced with those facts.

The Court in *Campbell* relied on *Wachovia* as explicitly holding, "that the law of North Carolina includes, and where appropriate applies, the doctrine of promissory estoppel." *Campbell*, 708 F. 2d at 931. The Court then applied the elements of promissory estoppel to the pleadings in *Campbell* and concluded that it had been error to dismiss the case under Rule 12(b)(6) of the Federal Rules.

However, the *Wachovia* case, while recognizing the doctrine of promissory estoppel, makes no assertion that this Court can apply the doctrine in an affirmative manner, particularly under the facts of this case. This Court, therefore, cannot base an expansive interpretation and use of promissory estoppel in the case *sub judice*, on the precedential value of *Wachovia*. Neither is this Court obligated to rely on *Campbell* which is not binding precedent on North Carolina Courts and is distinguishable on its facts from the *Wachovia* case.

In *Campbell*, the Fourth Circuit allowed the use of the doctrine to grant affirmative relief to the plaintiff. As stated previously, the doctrine has only been permitted in North Carolina for defensive relief and both North Carolina cases which recognized the doctrine involved the waiver of a preexisting right by a promisee.

Also, the plaintiffs in *Campbell* and in the case at bar were attempting to create a contract which would not exist without the application of promissory estoppel. In *Clement* and *Wachovia*, however, the parties were merely attempting to modify a valid contract which was already in existence.

Allowing a cause of action based on promissory estoppel in construction bidding also creates the potential for injustice. It forces the subcontractor to be bound if the general contractor uses his bid, even though the general contractor is not obligated to award the job to that subcontractor. The general contractor is still free to shop around between the time he receives the subcontractor's bid and the time he needs the goods or services, to see if he can obtain them at a lower price.

Using the doctrine in this context is also inequitable in that it allows the general contractor to sue the subcontractor if the subcontractor is unable to perform after the contractor has used his bid, but before he has formally accepted the subcontractor's offer. The subcontractor, however, is powerless and has no grounds on which to sue the contractor if the contractor refuses to use the subcontractor for the actual work.

Finally, general contractors can avoid this problem entirely by securing a contract with the subcontractor at the outset, conditioned on a successful bid. Contractors should be responsible for protecting themselves without having to resort to the use of promissory estoppel for relief.

For the foregoing reasons, we hold that the trial court was correct in granting defendant's motion to dismiss for failure to state a claim.

Affirmed.

Judges JOHNSON and EAGLES concur.