TOWN OF BEECH MOUNTAIN, ELLEN ANDERSON, CARL T. BROWNING AND WIFE, MARTHA BROWNING, JOHN W. EARNHARDT AND WIFE, PATRICIA W. EARNHARDT, GEORGE E. HANDLEY, JR. AND WIFE, KATHLEEN HANDLEY, DOUGLAS W. JACKSON AND WIFE, MARY LOU E. JACKSON, EDWARD L. McKINZIE AND WIFE, JACQUELINE S. McKINZIE, AND W. K. MIMS AND WIFE, FRANCES G. MIMS, PLAINTIFFS v. COUNTY OF WATAUGA, JAMES G. COFFEY, CARL FIDLER, LARRY STANBERRY, JAY L. TEAMS, DAVID J. TRIPLETT, AS COMMISSIONERS OF WATAUGA COUNTY, AND HELEN A. POWERS, SECRETARY, N.C. DEPARTMENT OF REVENUE, AND C. C. CAMERON, BUDGET OFFICER FOR THE STATE OF NORTH CAROLINA, DEFENDANTS

No. 8824SC135

(Filed 2 August 1988)

1. **Constitutional Law § 20; Taxation § 15— sales and use tax—distribution on per capita basis—no denial of equal protection**

   There was no merit to plaintiffs' contention that distribution of sales and use tax revenue on a per capita basis pursuant to N.C.G.S. § 105-472 denied them equal protection of the laws because it arbitrarily distinguished between

residents who resided in the county for more than six months and those who did not, since the statute did not affect a suspect class, did not impinge on a fundamental right, and provided a reasonable means of returning revenues in an amount proportionate to those from whom they were collected.

2. **Constitutional Law § 19.1; Taxation § 15— distribution of sales and use tax revenue—per capita basis—right of interstate travel not burdened—no deprivation of constitutional privileges and immunities**

The per capita method of distribution of sales and use tax revenue pursuant to N.C.G.S. § 105-472 did not burden the right of interstate travel and deprive out-of-state residents of their privileges and immunities under Article IV, Section 2 of the U.S. Constitution, though plaintiffs argued that the distribution scheme discouraged out-of-state residents from purchasing property in Beech Mountain because the town was forced to charge higher taxes and provide fewer benefits, since the statute did not treat nonresidents any differently from residents of North Carolina; both were taxed the same and received the same services; the statute in no way interfered with free migration into the State; and it did not deny plaintiffs any of the privileges and immunities guaranteed by the Constitution.

APPEAL by plaintiffs from *Lamm, Judge.* Order entered 8 December 1987 in Superior Court, WATAUGA County. Heard in the Court of Appeals 2 June 1988.

*Smith, Patterson, Follin, ·Curtis, James & Harkavy by Michael K. Curtis for plaintiff appellants.*

*Eggers, Eggers and Eggers by Stacy C. Eggers, III, and Womble Carlyle Sandridge & Rice by Anthony H. Brett for defendant appellees, Watauga County and the Commissioners of Watauga County.*

*Attorney General Lacy H. Thornburg by Assistant Attorney General Newton G. Pritchett, Jr., for defendant appellees, Helen A. Powers, Secretary, N.C. Department of Revenue and C. C. Cameron, Budget Officer of the State of North Carolina.*

COZORT, Judge.

Plaintiffs filed a complaint to contest the constitutionality of defendant Watauga County's method of sales and use tax revenue distribution. Defendants answered and filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). From the order allowing the motion, plaintiffs appeal. We affirm.

The plaintiffs in this action include the Town of Beech Mountain and certain of its full-time residents, part-time residents from

other North Carolina counties and part-time residents from other states. They filed this action to enjoin defendants from distributing Watauga County's sales tax revenues on a per capita basis. They also requested a ruling declaring the per capita method of distribution unconstitutional.

Pursuant to N.C. Gen. Stat. § 105-472, a county may distribute to its municipalities its local sales and use tax revenues on an ad valorem or per capita basis. For the fiscal years prior to and including 1986-87, Watauga County distributed its local tax revenues on an ad valorem basis, but in that year the County changed to a per capita method of distribution. Under this method, a town's population equals the number of residents who reside there for more than six months of the year. Plaintiffs allege that changing the method of distribution has dramatically reduced the amount of revenues it receives, because the majority of its residents are vacation homeowners who reside there for less than six months of the year. As a result of the new method of distribution, plaintiffs allege that Beech Mountain has been forced to raise city taxes and reduce services for all residents.

After plaintiffs filed their action, defendants answered and filed a motion to dismiss pursuant to Rule 12(b)(6). The motion was granted and plaintiffs appealed, arguing that the trial court erred in granting the motion, because the per capita method of distribution: (1) denies plaintiffs the equal protection of the law; (2) violates plaintiffs' rights to travel; and (3) deprives plaintiffs of their privileges and immunities under Article IV, Section 2 of the United States Constitution. We affirm the trial court's order.

A motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) tests the legal sufficiency of the complaint, *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E. 2d 161, 163 (1970), which will be dismissed if it is completely without merit. *Lee v. Paragon Group Contractors*, 78 N.C. App. 334, 337, 337 S.E. 2d 132, 134 (1985). Where it appears to a certainty that plaintiffs are entitled to no relief under any state of facts which could be proved in support of the claim, dismissal for failure to state a claim upon which relief can be granted is proper. *Alamance Co. v. Dept. of Human Resources*, 58 N.C. App. 748, 750, 294 S.E. 2d 377, 378 (1982).

[1] N.C. Gen. Stat. § 105-472 provides for the distribution of revenues generated by the local sales and use taxes to each coun-

ty from which it is collected. This statute provides that every year the board of county commissioners for each county may decide whether to distribute their proceeds from the tax on an ad valorem or a per capita basis. The ad valorem method allocates revenues to the county's municipalities based upon the percentage of the county's taxable property located within each municipality. Under the per capita method each municipality receives that percentage of revenues equal to the percentage its population bears to the entire population of the county. Population under this method is determined by the address each person lists as his usual residence, where he usually eats, sleeps and works. The effect of this classification is that a town's population consists of only those residents who reside there for more than six months. Plaintiffs argue that this method of distribution denies them the equal protection of the laws, because it arbitrarily distinguishes between residents who reside in the county for more than six months and those who do not. We disagree.

The Equal Protection Clause is not violated merely because a statute classifies similarly situated persons differently, so long as there is a reasonable basis for the distinction. *See In re Assessment of Taxes Against Village Publishing Corp.*, 312 N.C. 211, 220-21, 322 S.E. 2d 155, 162 (1984). When a statute is challenged on equal protection grounds, it is subjected to a two-tiered analysis. The first tier, or "strict scrutiny" provides the highest level of review and is employed only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class. *Id.* at 221, 322 S.E. 2d at 162. To survive this level of review, the government must demonstrate that the classification created by statute is necessary to promote a compelling government interest. *Id.* A class is suspect "when it is saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command particular consideration from the judiciary." *Texfi Industries v. City of Fayetteville*, 301 N.C. 1, 11, 269 S.E. 2d 142, 149 (1980).

If a statute does not burden the exercise of a fundamental right or operate to the peculiar disadvantage of a suspect class, the statute is analyzed under the second tier and the government need only show that the classification in the challenged statute

has some rational basis. *In re Assessment of Taxes Against Village Publishing Corp.*, 312 N.C. at 221, 322 S.E. 2d at 162. A statute survives analysis under this level if it bears some rational relationship to a conceivable, legitimate interest of government. *Id.* Statutes subject to this level of review come before the Court with a presumption of constitutionality. *White v. Pate*, 308 N.C. 759, 767, 304 S.E. 2d 199, 204 (1983).

Plaintiffs attempt to argue that out-of-county and out-of-state property owners in Beech Mountain are a suspect class such that the statute under review is subject to strict scrutiny. We hold, however, that individuals owning a second or vacation home for less than half of a year are not a suspect class. They are not "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command particular consideration from the judiciary." *Texfi Industries*, 301 N.C. at 11, 269 S.E. 2d at 149.

Since the statute under review does not affect a suspect class and does not impinge on a fundamental right, it need only survive the rational basis test. Plaintiffs contend that the per capita method of distribution provided by statute bears no rational basis to a legitimate state objective.

We have examined the portion of the statute in question and hold that it bears a rational basis to the legitimate government objective of providing a means to allocate revenues among the counties' municipalities. The purpose of imposing the sales and use tax is to provide counties and municipalities with an additional source of revenue. N.C. Gen. Stat. § 105-464 (1985). The per capita method of distribution provides a reasonable means of returning revenues in an amount proportionate to those from whom they were collected. We hold that this method of revenue distribution is constitutionally valid and survives the rational basis test under the Equal Protection Clause.

[2] Plaintiffs also contend that the per capita method of distribution burdens the right of interstate travel and deprives out-of-state residents of their privileges and immunities under Article IV, Section 2 of the Constitution. They argue that the distribution scheme discourages out-of-state residents from purchasing proper-

ty in Beech Mountain, because Beech Mountain is forced to charge higher taxes and provide fewer benefits. We disagree.

"[T]he right to travel, when applied to residency requirements, protects new residents of a state from being disadvantaged because of their recent migration or from otherwise being treated differently from longer term residents." *Zobel v. Williams,* 457 U.S. 55 n.6, 60, 72 L.Ed. 2d 672, 677-78, 102 S.Ct. 2309, 2313 (1982). "Article IV, § 2, of the Constitution provides that the 'citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.' " *S. Ct. of New Hampshire v. Piper,* 470 U.S. 274, 279, 84 L.Ed. 2d 205, 210, 105 S.Ct. 1272, 1275-76 (1985). This provision provides that for those privileges and immunities which are fundamental, a state must afford equal treatment to residents and nonresidents. *Id.*

The statute in the case at bar does not treat nonresidents any differently than it treats residents of North Carolina. Out-of-state property owners in Beech Mountain are taxed the same and receive the same services as full-time residents of Beech Mountain and part-time residents from other counties in North Carolina. The statute in no way interferes with free migration into the State nor does it deny plaintiffs of any of the privileges and immunities guaranteed by the Constitution. Therefore, we hold that these arguments are without merit.

We hold that the order of the trial court granting defendants' motion to dismiss should be affirmed.

Affirmed.

Judges JOHNSON and PARKER concur.