INLAND CONSTRUCTION COMPANY, Plaintiff-Appellee v. CAMERON PARK II, LTD, LLC, Defendant-Appellant

No. COA06-264

(Filed 6 February 2007)

**Contracts— breach—summary judgment—lack of considera-tion—lack of change order**

The trial court did not err in a breach of contract case by granting plaintiff general contractor's amended motion for summary judgment on the issue of who was responsible for the cost of installing an additional heating, ventilation, and air conditioning (HVAC) unit to the first floor of defendant's building, and by failing to grant defendant's motion for summary judgment, because: (1) defendant's assertion that an email from plaintiff's project manager created a contractual obligation on the part of plaintiff to perform the work without seeking payment from defendant is unavailing since the email was not supported by consideration; (2) defendant's reliance on the lack of a change order is without merit since all the evidence demonstrated that defendant initiated the additional HVAC work and its architect HRA determined how the issue would be resolved; (3) HRA was hired by defendant to provide the design work for the project, plaintiff was not responsible for providing any design services and had no contractual relationship with HRA, and neither party disputed that HRA as an agent of defendant instructed plaintiff to proceed with the work to address the cooling issue; and (4) defendant's defense of equitable estoppel is inapplicable when defendant failed to show how its position was changed prejudicially as a result of its reliance on the project manager's email.

Appeal by Defendant from order entered 6 September 2005 by Judge Howard E. Manning, Jr. in Superior Court, Wake County. Heard in the Court of Appeals 17 October 2006.

*Smith, Currie & Hancock LLP, by Gregory L. Shelton, for Plaintiff-Appellee.*

*Warren, Perry & Anthony, P.L.L.C., by Sue E. Anthony, for Defendant-Appellant.*

McGEE, Judge.

Cameron Park II (Defendant), a North Carolina limited liability corporation, appeals from an order granting summary judgment in favor of Inland Construction Company (Plaintiff). We affirm.

Plaintiff and Defendant entered into a contract on 12 July 2002, whereby Plaintiff agreed to construct improvements to a building (the project) owned by Defendant. The improvements were to be provided according to the design of Defendant's architect, Robert E. Nussear, Jr. (Nussear), with HR Associates (HRA). The contract required that any "changes in scope, systems, kinds and quality of materials, finishes or equipment" be incorporated by change order. The dispute at issue in this case is who was responsible for the cost of installing an additional heating, ventilation, and air conditioning (HVAC) unit to the first floor of the building.

As originally designed, the project included two phases. Phase one involved improvements to the first floor of the building, including the installation of a four ton HVAC unit. Phase two was to involve improvements to the second floor of the building, including the installation of multiple HVAC units, and a restaurant. However, after phase one of the project was completed, Defendant eliminated phase two. The elimination of phase two left only the four ton HVAC unit that had been installed on the first floor to cool the space. Defendant also increased the lighting on the first floor, but did not inform HRA of the additional lighting. All parties agreed that the four ton unit was inadequate to cool the space.

Plaintiff, through its project manager, Ron Hawkins (Hawkins), proposed to replace the existing four ton HVAC unit with a 7.5 ton unit. HRA rejected that option and concluded that adding an additional four ton unit would be a better alternative. Hawkins sent an email (the Hawkins email) to Defendant on 6 June 2003 informing Defendant that the HVAC revisions would be made on 9 June 2003.

The email further stated "[t]he cost for these revisions will be resolved between [Plaintiff] and [HRA]. The owner will have no cost associated with this change in the mechanical system." According to Robert Johnson (Johnson), an owner of Defendant corporation, Plaintiff also verbally advised him that Defendant would not be responsible for the cost of the additional HVAC unit. No change order regarding the additional HVAC work was presented to Defendant prior to the completion of the work. Plaintiff arranged for the installation of an additional HVAC unit by a subcontractor.

Nussear contacted Plaintiff's President, Jim Edwards (Edwards), in writing on 9 June 2003. Nussear disputed Hawkins' conclusion that the cost of the additional HVAC unit would be resolved between Plaintiff and HRA. Nussear noted that HRA was working directly with Defendant, that no design-build relationship existed between Plaintiff and HRA, and that Hawkins "assumed that a relationship exists between [Plaintiff] and HRA other than that of general contractor and architect working for an owner." Nussear also stated that "the cooling problem [was] caused by changes to the project scope that occurred after the design was complete." Nussear reiterated the substance of these concerns in another letter dated 18 June 2003.

Plaintiff requested payment in the amount of $9,924.50 for the installation of the additional HVAC unit. Defendant refused payment based upon the Hawkins email. Plaintiff filed a complaint on 24 September 2003 alleging, *inter alia*, breach of contract. Defendant answered, asserting affirmative defenses including equitable estoppel, and a counterclaim. Defendant filed a motion for judgment on the pleadings on 25 May 2004. Plaintiff moved for summary judgment on 26 May 2004 and filed an amended motion for summary judgment on 24 June 2004. Plaintiff's amended motion for summary judgment was supported by the affidavits of Edwards and Nussear. Defendant's motion for judgment on the pleadings was supported by the affidavits of Hawkins and Johnson.

Both motions were heard by the trial court on 6 July 2004. In an order filed 6 September 2004, the trial court granted Plaintiff's amended motion for summary judgment and denied Defendant's motion for judgment on the pleadings. The trial court stated: "Plaintiff is entitled to recover from . . . Defendant the sum of $9,924.50 for the additional HVAC unit's installation required as a result of . . . Defendant's decision not to complete the second story part of the project as originally designed, together with interest as allowed by law." Defendant appeals.

Defendant argues that the trial court erred by granting Plaintiff's amended motion for summary judgment. Defendant contends that no express or implied contractual obligation required Defendant to pay for the extra HVAC work. Defendant further relies on the absence of a change order for the extra HVAC work to support its position that it was not responsible for the cost of the additional HVAC unit.

Similarly, Defendant also argues that the trial court erred by failing to grant its motion for judgment on the pleadings which, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(c), was converted to a motion for summary judgment when the trial court heard and received evidence outside the pleadings. Defendant asserts that the Hawkins email created an express contract as to the additional HVAC unit and argues that the following facts demonstrate that the trial court should have granted summary judgment in Defendant's favor: (1) Hawkins represented to Defendant that Defendant would bear no cost associated with the change to the HVAC system; (2) Defendant reasonably relied on the representation by Hawkins; (3) the contract required a change order for alterations in the contracted work and no change order was obtained for the change to the HVAC system; and (4) the change to the system was made after Defendant was advised that it would bear no financial responsibility for the costs associated with the change. Because of the significant overlap in Defendant's arguments, we address them together.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "The party moving for summary judgment bears the burden of bringing forth a forecast of evidence which tends to establish that there is no triable issue of material fact." *Creech v. Melnik*, 347 N.C. 520, 526, 495 S.E.2d 907, 911 (1998). The nonmoving party must respond with a forecast of evidence demonstrating an ability to make out a *prima facie* case at trial. *Id.*

Defendant's assertion that the Hawkins email created a contractual obligation on the part of Plaintiff to perform the work without seeking payment from Defendant is unavailing. As Plaintiff points out, the Hawkins email was not supported by consideration. "An enforceable contract is one supported by consideration." *Lee v. Paragon Group Contractors*, 78 N.C. App. 334, 337, 337 S.E.2d 132, 134 (1985). "[A] mere promise, without more, is unenforceable." *Id.* at

INLAND CONSTR. CO. v. CAMERON PARK II, LTD., LLC

[181 N.C. App. 573 (2007)]

338, 337 S.E.2d at 134. Consideration consists of "any benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee[.]" *Brenner v. Little Red School House, Ltd.*, 302 N.C. 207, 215, 274 S.E.2d 206, 212 (1981). The Hawkins email is not supported by consideration and is therefore unenforceable.

Furthermore, Defendant's reliance on the lack of a change order is without merit. This Court has held that

provisions of a written contract may be modified or waived by a subsequent parol agreement, or by conduct which naturally and justly leads the other party to believe the provisions of the contract are modified or waived. This principle has been sustained even where the instrument provides for any modification of the contract to be in writing.

*Graham and Son, Inc. v. Board of Education*, 25 N.C. App. 163, 167, 212 S.E.2d 542, 544-45, *cert. denied*, 287 N.C. 465, 215 S.E.2d 623 (1975) (internal citations omitted). All the evidence demonstrates that Defendant initiated the additional HVAC work, and its architect, HRA, determined how the issue would be resolved. In *Grading Co. v. Construction Co.*, 27 N.C. App. 725, 729, 221 S.E.2d 512, 515 (1975), *cert. denied*, 289 N.C. 296, 222 S.E.2d 695 (1976), this Court held that a defendant was properly held liable for work done as a result of an oral modification where "the so-called 'extra' . . . work was performed at the request and under the supervision of [the] defendant's engineer." Thus, in the present case, Defendant cannot rely on the need for a change order.

Neither party disputes that the project was organized in a traditional method of project delivery wherein Defendant contracted separately with an architect for design services and with Plaintiff for construction services. HRA was hired by Defendant to provide the design work for the project, and Plaintiff was not responsible for providing any design services and had no contractual relationship with HRA. Further, neither party disputes that HRA, as an agent of Defendant, instructed Plaintiff to proceed with the work to address the cooling issue. Therefore, regardless of whether the inadequate HVAC capacity resulted from Defendant's choice to delete the second phase of the project, or from a design defect in HRA's plans, Defendant is still responsible for payment of the work completed by Plaintiff under the contract. Therefore, to prevail, Defendant must do so by way of its equitable estoppel argument.

INLAND CONSTR. CO. v. CAMERON PARK II, LTD., LLC

[181 N.C. App. 573 (2007)]

Our Supreme Court has said

> [w]here there is but one inference that can be drawn from the undisputed facts of a case, the doctrine of equitable estoppel is to be applied by the court. However, . . . where the evidence raises a permissible inference that the elements of equitable estoppel are present, but where other inferences may be drawn from contrary evidence, estoppel is a question of fact for the jury, upon proper instructions from the trial court.

*Creech*, 347 N.C. at 528, 495 S.E.2d at 913 (internal citations omitted). "The conduct of both parties must be weighed in the balance of equity, and the party claiming estoppel, no less than the party sought to be estopped, must have conformed to strict standards of equity with regard to the matter at issue." *Id.* at 529, 495 S.E.2d at 913. A party claiming equitable estoppel must show "(1) lack of knowledge and the means of knowledge of the facts in question; (2) reliance upon the conduct of the party sought to be estopped; and (3) action based thereon of such a character as to change his position prejudicially." *Wade S. Dunbar Ins. Agency, Inc. v. Barber*, 147 N.C. App. 463, 470, 556 S.E.2d 331, 336 (2001).

Even assuming, *arguendo*, that Defendant can satisfy the first two elements, Defendant's evidence fails to show how it changed Defendant's position prejudicially. Defendant's evidence acknowledges the need for the additional HVAC unit and demonstrates that Defendant initiated resolution of the cooling issue. No dispute exists regarding whether the additional HVAC unit was in fact necessary to adequately cool the first floor of the building. Defendant's evidence does not demonstrate any prejudicial change in position as a result of the Hawkins email. Therefore, Defendant's equitable estoppel defense must fail, and the trial court properly granted summary judgment in favor of Plaintiff.

Affirmed.

Judges WYNN and McCULLOUGH concur.