HENDERSON & CORBIN, INC., D/B/A HCI GENERAL CONTRACTORS v. WEST CARTERET WATER CORPORATION, INC.

WEST CARTERET WATER CORPORATION, INC. v. PENNSYLVANIA NATIONAL INSURANCE COMPANIES

No. 913SC746

(Filed 20 October 1992)

**Contracts § 15 (NCI4th)— tentative acceptance of bid—contract not formed**

A "tentative notice of award" of a contract for construction of a water treatment plant which stated that it was subject to final review and approval by the Farmer's Home Administration was not a valid acceptance of plaintiff's bid, and no contract was ever formed where plaintiff withdrew

its bid after the expiration of the sixty-day period during which bids were irrevocable.

**Am Jur 2d, Public Works and Contracts § 63.**

APPEAL by defendant West Carteret Water Corporation from order entered 26 April 1991 in CARTERET County Superior Court by *Judge Quentin T. Sumner.* Heard in the Court of Appeals 25 August 1992.

*John E. Bugg, P.A., by John E. Bugg, for plaintiff-appellee and defendant-appellee.*

*Lamar Jones for defendant-appellant.*

GREENE, Judge.

Henderson and Corbin, Inc. (HCI) brought suit against West Carteret Water Corporation (West Carteret) 26 March 1990 seeking to enjoin West Carteret from taking any action to recover against HCI or its surety, Pennsylvania National Insurance Companies (Insurance Co.), for damages resulting from HCI's failure to perform on a bid entered for a construction project. The damages HCI sought to enjoin included the forfeiture of its bid bond. HCI also sought a declaratory judgment allowing HCI to withdraw its bid on the project. West Carteret moved for summary judgment. West Carteret then filed a complaint against Insurance Co. seeking to recover the full amount of the bid bond. Insurance Co. and HCI moved for summary judgment against West Carteret on the ground that HCI properly withdrew its bid because it was not timely accepted by West Carteret. The trial court consolidated the motions for hearing. West Carteret's motion for summary judgment against HCI was denied because the court found that genuine issues of material fact existed as to whether HCI should be allowed to withdraw their bid based on mistake. HCI's and Insurance Co.'s motions for summary judgment were granted. West Carteret appeals summary judgment in favor of Insurance Co. and HCI.

West Carteret is a private, non-profit corporation organized to provide water to residents in western Carteret County. In late 1989, West Carteret issued an invitation for bids for the construction of a water treatment plant, which they anticipated would be funded through the Farmer's Home Administration (FmHA). A five

HENDERSON & CORBIN v. WEST CARTERET WATER CORP.

[107 N.C. App. 740 (1992)]

percent bid bond was required for all bids. The information for bidders provided by West Carteret·stated that

> [n]o BIDDER may withdraw a BID within 60 days after the actual date of the opening thereof. Should there be reasons why the contract cannot be awarded within the specified period, the time may be extended by mutual agreement between the OWNER and the BIDDER.
>
> . . .
>
> The party to whom the contract is awarded will be required to execute the Agreement and obtain the performance BOND and payment BOND within ten (10) calendar days from the date when NOTICE OF AWARD is delivered to the BIDDER.
>
> . . .
>
> All applicable laws, ordinances, and the rules and regulations of all authorities having jurisdiction over construction of the PROJECT shall apply to the contract throughout.

The information for bidders defined notice of award as "[t]he written notice of the acceptance of the BID from the OWNER to the successful BIDDER." The regulations of the FmHA provided that the "contract documents, bid bonds, and bid tabulation sheets will be forwarded to FmHA for approval prior to awarding."

When bids were opened on 30 January 1990, HCI had submitted the low bid for the project, accompanied by a bid bond of $54,550.00 for which Insurance Co. was surety. Immediately after bid opening HCI discovered that it had inadvertently omitted the complete cost of electrical work from the bid. HCI notified West Carteret of the mistake and asked to be allowed to withdraw the bid. West Carteret refused. During the time period when HCI and West Carteret were discussing withdrawal of the allegedly mistaken bid, it was discovered that West Carteret would need additional funding of $700,000.00 from FmHA to complete the project.

On 20 March 1990, less than 60 days after bids were opened, West Carteret's project engineer sent HCI a notice of award. The notice of award was a pre-printed form document which stated that HCI's bid had been accepted and also contained the ten-day time limit for execution and furnishing of bonds. Typed on the printed form was the following notation: "This is a tentative Notice of Award subject to Farmer[']s Home Administration review and

HENDERSON & CORBIN v. WEST CARTERET WATER CORP.

[107 N.C. App. 740 (1992)]

approval." The cover sheet which accompanied the tentative notice of award contained the following: "Please take notice that these are tentative Award Notices, subject to final review and approval by Farmer[']s Home Administration." West Carteret's project engineer stated that the acceptance was made tentative because the project costs were more than originally contemplated and FmHA funding for the full amount had not yet been approved. Specifically, he testified that he "was instructed by the Farmer's Home to tentatively award [the contract]." HCI never executed an agreement to perform the work nor furnished a contractor's performance or payment bond. Within ten days after the award, HCI filed its complaint against West Carteret. West Carteret made no further attempt to award the project within the sixty-day period.

The trial court granted partial summary judgment in favor of HCI and Insurance Co., finding the tentative notice of award ineffective as an acceptance. Because there was not an effective acceptance of HCI's bid during the sixty-day period when the bid was irrevocable, no contract was ever formed. HCI was therefore free, as a matter of law, to withdraw its bid after the sixty days had passed.

---

The dispositive issue is whether the notice of award was a valid acceptance of the bid.

West Carteret contends that the notice of award was an acceptance of the bid and created a contract. The fact that the award was subject to FmHA approval, West Carteret argues, did not relate to the formation of the contract but instead to the performance of the contract. HCI contends that because the notice of award was labeled "tentative," the acceptance of the bid was equivocal and a contract was never formed between HCI and West Carteret.

The formation of a contract is usually conditioned upon the existence of an offer and an acceptance. John D. Calamari & Joseph M. Perillo, Contracts § 11-1 (3d ed. 1987) (hereinafter *Calamari*). Once the presence of an offer and acceptance is decided, questions may arise as to the conditions under which the contract is to be performed. Conditions are frequently labelled as conditions precedent, conditions concurrent, and conditions subsequent. *Id.* at § 11-3; *see also Harris and Harris Constr. Co. v. Crain and Denbo, Inc.*, 256 N.C. 110, 117, 123 S.E.2d 590, 595 (1962). For example, a "condition subsequent is any event the existence of which, by

agreement of the parties, operates to discharge a duty of perform-ance that has arisen." *Calamari* at § 11-7. Before deciding what conditions, if any, apply to the performance of a contract, we must first employ "the terminology of offer and acceptance . . . to deter-mine if there is a . . . contract." *Id.* at § 11-1. The first inquiry, therefore, is whether a contract was formed.

In this case we determine that a contract was never formed. HCI's bid was an offer, *see Home Electric Co. v. Hall and Under-down Heating and Air Conditioning Co.*, 86 N.C. App. 540, 545, 358 S.E.2d 539, 542 (1987), *aff'd per curiam*, 322 N.C. 107, 366 S.E.2d 441 (1988), which was officially entered on the day bids were opened. HCI's bid was irrevocable for a period of sixty days after its entry. Forty-nine days after the bid was officially entered, West Carteret notified HCI in writing that the bid had been ac-cepted and specifically typed on the preprinted "NOTICE OF AWARD" form that the award was "tentative." It was "tentative," according to the record, because the final funding for the project had not yet been guaranteed by the FmHA. Because an acceptance of an offer must be unequivocal and unqualified, *Standard Sand & Gravel v. McClay*, 191 N.C. 313, 316, 131 S.E. 754, 755 (1926), this tentative acceptance was not an acceptance. *See Calamari* at § 2-11(a). Ac-cordingly no contract was formed and HCI was within its rights to withdraw its bid after the expiration of the sixty-day period during which bids were irrevocable. Therefore the trial court cor-rectly entered summary judgment for HCI and Insurance Co.

In so holding we reject the argument of West Carteret that HCI knew when making the bid that any acceptance would be conditional on the approval of the FmHA. As we read the informa-tion to bidders supplied by West Carteret, the bid was irrevocable for a period of sixty days after submission and that although subject to the approval of the FmHA, that approval was to be obtained within the sixty-day period. In fact the FmHA regulations themselves require that the approval of the FmHA be obtained "prior to" the award, not within ten days after the award, as suggested by West Carteret. The contractor was required to submit a perform-ance bond, a payment bond, and a certificate of insurance within ten days after the award. However, this requirement was not a prerequisite to the award.

Accordingly, the summary judgment in favor of HCI and In-surance Co. is

Affirmed.

Judges WELLS and ORR concur.